### 75013. AKINS v. THE STATE.
(361 SE2d 707)

CARLEY, Judge.

Appellant was tried before a jury on charges of possession of marijuana and amphetamine, a Schedule II controlled substance. The jury returned guilty verdicts as to both charges. Appellant appeals from the judgments of conviction and sentences entered on the verdicts.

1. The amphetamine had been found in a pouch containing drug paraphernalia. The pouch itself had been found on the front seat of an automobile in which appellant and another individual had been traveling just prior to their arrests. There was testimony that both appellant and his traveling companion appeared to be under the influence, although they did not smell of alcohol, and that they both had needle marks in their arms. On this evidence, appellant requested a jury charge on the equal access rule with regard to the possession of the amphetamine. The trial court's refusal to give this instruction is enumerated as error.

"The [equal access] rule, conceptually and historically, has no application where, as here, all persons allegedly having equal access to the contraband are alleged to have been in joint constructive posses-

sion of that contraband. [Cits.] It is simply a defense available to the accused to whom a presumption of possession flows. Because the [S]tate did not show the indicia giving rise to the presumption, that is, ownership or exclusive control of the vehicle, no presumption arose and therefore there was no triggering of the equal access defense." *Castillo v. State*, 166 Ga. App. 817, 822 (2) (305 SE2d 629) (1983). Accordingly, the trial court did not err in refusing to instruct the jury on the equal access rule.

2. Appellant enumerates the general grounds with regard to his conviction for possession of amphetamine. After a review of the entire record, we find that a rational trior of fact could reasonably have found from the evidence adduced at trial proof of appellant's guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See also *Robinson v. State*, 175 Ga. App. 769 (334 SE2d 358) (1985); *Sweat v. State*, 172 Ga. App. 712, 713 (1) (324 SE2d 561) (1984).

3. Appellant's remaining enumeration of error has been considered but is found to be without merit.

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED OCTOBER 2, 1987.

*Jane Kent Plaginos*, for appellant.
*Rafe Banks III, District Attorney, T. Russell McClelland III, Assistant District Attorney*, for appellee.