A89A2138, A89A2053. WRIGHT v. THE STATE.
(391 SE2d 791)

POPE, Judge.

Defendant William Alan Wright was arrested in a bar in Atlanta when his companion, Marshall Hutchinson, sold cocaine to an under-

cover agent. The agent testified at trial that he was introduced to defendant by another patron in the bar when the agent asked the patron who might be able to provide him with cocaine. When the agent told defendant he wanted to purchase a gram of cocaine, defendant turned to Hutchinson and told him to "go ahead and take care of [the agent]." Hutchinson left the bar and another agent observed him enter and briefly sit in an Oldsmobile automobile in the parking lot. When he returned he exchanged four bags of what later tested to be cocaine for five marked twenty dollar bills paid by the agent. The agent testified Hutchinson handed the money to defendant. When the undercover agent left the bar, uniformed officers entered and arrested Hutchinson and, later, defendant. Defendant told the arresting officers he was the owner of the Oldsmobile. Defendant was transported to a parking lot several blocks away and the Oldsmobile was towed there and searched. In the trunk the officer found a plastic bag containing what later tested to be two grams of cocaine. The marked bills were not found on defendant. Defendant was charged with the sale of cocaine and possession of cocaine with intent to distribute. He was convicted by a jury on both counts and appeals. He also appeals the denial of his motion for supersedeas bond.

### Case No. A89A2138

1. Defendant first argues the trial court erred in denying his motion to suppress the evidence seized from the automobile. The testimony at the hearing on defendant's motion showed that probable cause to search the vehicle arose from the observations of the officers. Because a car is parked at the time probable cause to search arises does not mean that exigent circumstances sufficient to justify a warrantless search are absent. *Redd v. State*, 240 Ga. 753 (1) (243 SE2d 16) (1978). Defendant told the officers the vehicle was his, but the officers had already observed another individual gain access to the vehicle. When officers are not sure they have in custody the only persons who have access to a vehicle and who might remove it or destroy evidence, a warrantless search on probable cause grounds is reasonable. *Newman v. State*, 237 Ga. 376 (2) (228 SE2d 790) (1976); *Collins v. State*, 171 Ga. App. 906 (2) (321 SE2d 757) (1984). The United States Supreme Court has already addressed defendant's argument that the officers could nevertheless have guarded the vehicle while a warrant was obtained. "For constitutional purposes, we see no difference between on the one hand seizing and holding a car before presenting the probable cause issue to a magistrate and on the other hand carrying out an immediate search without a warrant." *Chambers v. Maroney*, 399 U. S. 42, 52 (90 SC 1975, 26 LE2d 419) (1970).

2. Defendant testified that the automobile in which the contra-

band was found belonged to his mother and that his companion, Hutchinson, had borrowed the car earlier on the day of the arrest. Thus, he argues the trial court erred in failing to charge the jury on the equal access rule as he requested. The equal access rule, entitling a defendant to acquittal where evidence is presented that others had equal access to a vehicle or that the vehicle had recently been used by others, applies only where the sole evidence of possession of contraband found in the vehicle is the defendant's ownership or possession of the vehicle. See *Fears v. State*, 169 Ga. App. 172 (1) (312 SE2d 174) (1983). Here, defendant's possession of the vehicle was not the sole evidence of his possession of the contraband found in it. Even if the contraband was in the possession of Hutchinson, evidence was presented whereby the jury could find that defendant was a party to the offense of possession. Therefore, we find no reversible error in the trial court's failure to charge the equal access rule.

### Case No. A89A2053

"Inasmuch as defendant's convictions stand, the appeal of the propriety of denying bond pending substantive appeal is moot and is dismissed. *Davis v. State*, 164 Ga. App. 633, 637 (7) (298 SE2d 615) (1982)." *Nichols v. State*, 186 Ga. App. 314, 317 (367 SE2d 266) (1988).

*Judgment affirmed in Case No. A89A2138. Appeal dismissed in Case No. A89A2053. Banke, P. J., and Sognier, J., concur.*

DECIDED MARCH 6, 1990.

*Gregory Z. Schroeder*, for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Richard E. Hicks, David Wright, Assistant District Attorneys*, for appellee.