A91A1898. BOWEN v. THE STATE.
(417 SE2d 18)

COOPER, Judge.

Appellant was convicted of possession of cocaine with intent to distribute and appeals from the denial of his motion for new trial.

A county deputy, who had a warrant for appellant's arrest for battery, located appellant at an apartment complex. Appellant was a passenger in a vehicle that was leaving the complex, and the deputy flagged the vehicle to a stop. The deputy walked to the passenger side of the car and asked appellant to get out. As appellant exited the car, he took a plastic bag and put it on the console of the car. The driver of the car covered the bag with his hand but upon request of the deputy, gave the bag to the deputy who determined that it contained several smaller bags of suspected cocaine. The substance in the bags tested positive as cocaine. The deputy testified that he took appellant to the sheriff's department and read appellant his rights, after which appellant told the deputy that the cocaine belonged to appellant. The deputy testified that he did not record or write down appellant's statement because he had known appellant all of appellant's life and they had a very short conversation because they were going to "shoot straight" with each other. The driver of the vehicle testified that as appellant exited the car to talk to the deputy, appellant threw the bag back into the car, told the driver to hold onto it for him, and the driver then attempted to cover the bag with his hand. The driver stated that the cocaine was not his.

1. In his first enumeration of error, appellant argues the general grounds, emphasizing equal access of the cocaine by the driver of the vehicle. The case against appellant includes the testimony of the deputy who observed appellant in actual possession of the cocaine, appellant's confession and the statement of the driver. Based on that evidence, a rational trier of fact could have found appellant guilty of the offense charged beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Appellant's reliance on the equal access rule as a defense is misplaced. "The equal access rule, entitling a defendant to acquittal where evidence is presented that others had equal access to a vehicle or that the vehicle had re-

cently been used by others, applies only where the sole evidence of possession of contraband found in the vehicle is the defendant's ownership or possession of the vehicle. [Cit.]" *Wright v. State*, 194 Ga. App. 739 (2) (391 SE2d 791) (1990). " 'It is simply a defense available to the accused to whom a presumption of possession flows. Because [in the case sub judice] the (S)tate did not show the indicia giving rise to the presumption, that is, ownership or exclusive control of the vehicle, no presumption arose and therefore there was no triggering of the equal access defense.' [Cit.]" *Akins v. State*, 184 Ga. App. 441 (1) (361 SE2d 707) (1987). Here, the State did not rely on a presumption to prove appellant's guilt; the State presented direct evidence of such, and the equal access rule was not implicated. Nor did the court err in failing to charge on equal access as contended in appellant's eighth enumeration of error.

2. In the second enumeration of error, appellant contends the trial court erred in allowing appellant to be cross-examined at the *Jackson-Denno* hearing about statements made by defense counsel to the prosecutor during plea negotiations. The trial court conducted a *Jackson-Denno* hearing outside the presence of the jury to determine the voluntariness of appellant's confession to the deputy. The deputy testified that he read appellant his rights; that appellant made the confession; and that the deputy made no threats or promises of reward. Appellant testified that he did not tell the deputy that the cocaine was his; that he denied the cocaine belonged to him; and that the deputy did not read him his rights at the police station. The prosecutor then asked appellant whether he had told anyone, and specifically whether he had told his attorney, that he was bringing the cocaine to his wife. The prosecutor revealed to the court that, during plea negotiations, defense counsel said that appellant had stated that he was bringing the cocaine to his wife. In response to objections by defense counsel, the prosecutor stated that the questioning was an attempt to test the credibility of appellant because the prosecutor was concerned that appellant was committing perjury on the stand. The trial court allowed the questioning to test appellant's credibility. After a review of the *Jackson-Denno* hearing, we conclude that the line of questioning pursued by the State was not relevant to the issues of whether appellant did or did not make the confession to the police and whether that confession was voluntarily made. Appellant was not questioned on whether he talked to his attorney about what he said to the deputy, and any statement made to his attorney about his ownership of the drugs does not reflect on, and is not relevant to, whether he made a voluntary confession to the deputy. Consequently, the questioning went beyond the scope of the *Jackson-Denno* hearing. Nevertheless, we do not conclude that the irrelevant line of questioning rendered the court's decision to admit the confession clearly erro-

neous. "Findings by the trial court, as to factual determinations and credibility relating to the admissibility of a confession, will be upheld on appeal unless clearly erroneous. [Cit.] Existence of conflicting evidence at a *Jackson-Denno* hearing . . . does not automatically cause the trial court's findings to be clearly erroneous that the confession was freely and voluntarily given. [Cit.] In determining whether the trial court's ruling . . . was clearly erroneous, an appellate court may look to all the evidence contained in the record. [Cit.]" *Gadson v. State*, 197 Ga. App. 315, 316 (1) (398 SE2d 409) (1990). Considering the officer's testimony at the hearing, the court's credibility determination was not clearly erroneous. This enumeration is without merit.

3. Appellant next contends that an error occurred when the court and the prosecutor threatened appellant with a perjury indictment in order to coerce him to forfeit his right to testify. When the State rested, defense counsel told the court that he had advised appellant not to take the stand and suggested that the court verify with appellant that he was declining to testify voluntarily. The prosecutor then indicated that, if appellant testified, the State would view his testimony toward the possibility of a perjury investigation. The court then proceeded to question appellant in detail regarding his decision not to testify, eliciting from appellant that he was voluntarily making this decision and he did not want to testify because he had been under a lot of strain. Neither appellant nor his counsel objected at trial that appellant was being coerced to forfeit his right to testify. Appellant only indicated that he was knowingly making this decision and was making it voluntarily. " 'Objections not raised at trial cannot be raised for the first time on appeal, as they are deemed waived. (Cit.)' [Cit.]" *Hight v. State*, 195 Ga. App. 727 (6) (394 SE2d 636) (1990). Moreover, the record does not confirm appellant's characterization of the prosecutor's statements of intent as threats. See *Murray v. State*, 157 Ga. App. 596 (2) (278 SE2d 2) (1981). Nor is there any evidence of any coercion by the court. We find no merit to this enumeration.

4. In his next enumeration of error, appellant argues that the court erred in considering improper evidence during appellant's sentencing. In the sentencing hearing, the State introduced a prior drug conviction of appellant, and defense counsel stated that the conviction was the only problem involving appellant that counsel was aware of. The State responded by stating that the conviction was not the only other incident involving appellant; that appellant had been arrested many times; and that appellant's rap sheet (which the record indicates was displayed by the prosecutor) was over six feet long. Again, defense counsel never objected to the reference to the rap sheet, and consequently, any objection was waived. See *Hight*, supra. Further, the transcript does not affirmatively reveal that the court considered the rap sheet in determining a sentence for appellant,

which was five years less than the statutory maximum. See *Green v. State*, 193 Ga. App. 464 (388 SE2d 57) (1989).

5. Appellant's remaining three enumerations assert that the trial court erred in failing to grant any of appellant's three motions for a mistrial during the prosecutor's closing argument at trial. We first note that " '[t]he trial court has the right and duty to govern the scope of argument by counsel both prior to and after the presentation of evidence. . . . The proper range of comment by counsel is a matter within the discretion of the trial court.' [Cit.]" *Osborne v. State*, 177 Ga. App. 408, 408-409 (339 SE2d 627) (1985). " '[T]his court will not disturb a court's ruling [on a motion for a mistrial] in the absence of a manifest abuse of discretion, and a mistrial is essential to preserve a defendant's right to a fair trial. (Cit.)' [Cit.]" *Horne v. State*, 192 Ga. App. 528, 529 (2) (385 SE2d 704) (1989). Appellant first objected to the portion of the argument in which the prosecutor commented on the deputy's failure to record or write down appellant's confession and the deputy's explanation that he did not do those things because he had a life-long relationship with appellant. The prosecutor stated: "He said, you know, folks, the relationship I had with Dwight Bowen, we don't need that between us. You know, if he tells me something, he tells me this — between him and me — that's good enough for me. And I wouldn't trade [the deputy] for a hundred detectives each with a tape players, extra batteries and ink pens and. . . ." We have considered the context of the entire argument of the prosecutor with respect to this point and conclude that the prosecutor "was commenting on the evidence relating to credibility of [the witness], not expressing [his] personal opinion. Although the prosecuting attorney is prohibited from stating [his] personal opinion, [he] may make permissible inferences from the evidence. [Cit.]" *Pittman v. State*, 172 Ga. App. 22, 23 (2) (322 SE2d 71) (1984). Next, appellant objected to the prosecutor's statement to the jury that "now I'm going to talk to you where you feel, and where you feel is simply this: you folks have got to say no to that right there (indicating to the drugs). . . ." " 'Appeals to convict for the safety of the community have been upheld. [Cit.]' [Cit.] Moreover, the State ' "may argue to the jury the necessity for enforcement of the law and may impress on the jury, with considerable latitude in imagery and illustration, its responsibility in this regard." (Cit.)' [Cit.]" *Nebbitt v. State*, 187 Ga. App. 265, 268 (4) (370 SE2d 1) (1988). Therefore, the prosecutor's argument was not improper. Finally, appellant objected to the following statement: "This steals people's souls; that's what it does. You can ask — you can ask David Croudip of the Atlanta Falcons or Len Byas [sic.], a member of a basketball team. . . . This is a demon on the street of your community that will steal the souls of your children if you let it. . . ." "[F]igurative speech is a legitimate weapon in forensic war-

fare if there are facts admissible in evidence upon which it may be founded. (Cits.) We find the argument of which complaint is made well within permissible bounds. The prosecutor simply argued the evidence and reasonable inferences arising therefrom and asked the jury to return a verdict of guilty. This he may do. (Cits.)" *Hunt v. State*, 180 Ga. App. 103 (3) (348 SE2d 467) (1986). The trial court did not abuse its discretion in denying appellant's motions for a mistrial.

*Judgment affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 10, 1992 —
RECONSIDERATION DENIED MARCH 13, 1992 — 

*Alden W. Snead, J. M. Raffauf*, for appellant.
*David McDade, District Attorney, William H. McClain, Assistant District Attorney*, for appellee.