A94A0058. LEBIS v. THE STATE.
(442 SE2d 786)

BIRDSONG, Presiding Judge.

Tremaine Jay Lebis appeals his judgment of conviction of aggravated assault and possession of a firearm during the commission of a felony. He enumerates 13 errors. *Held*:

1. (a) No psychologist-patient privilege existed between appellant and the court-appointed psychologist, Dr. Albrecht, whether the psy-

chologist was serving as agent for the court or the State at the time of evaluation. See *Harris v. State*, 256 Ga. 350, 353 (3) (349 SE2d 374); *Pierce v. State*, 243 Ga. 454 (254 SE2d 838).

(b) As no Sixth Amendment violation has been reasonably raised in the enumerations of error regarding Dr. Albrecht's questioning of appellant and subsequent trial testimony, this issue has not been preserved for appeal. *Krebsbach v. State*, 209 Ga. App. 474, 475 (2) (433 SE2d 649).

(c) When at trial the psychologist testified for the prosecution during the guilt phase, his role changed from witness for the court to "essentially like that of an agent of the State," and in such circumstances a *Miranda* warning was required. Compare *Buchanan v. Kentucky*, 483 U. S. 402, 422 (107 SC 2906, 97 LE2d 336) and *Estelle v. Smith*, 451 U. S. 454, 465-474 (101 SC 1866, 68 LE2d 359). The psychologist in essence testified that appellant had stated that the shooting of the victim was accidental. Pretermitting whether it was error of constitutional magnitude or otherwise to admit this testimony is whether such error would have been reversible. In view of the overwhelming evidence of appellant's guilt, we find beyond a reasonable doubt that any error in the admission of this testimony would have been harmless. *Palmer v. State*, 186 Ga. App. 892, 897 (3) (369 SE2d 38).

2. The trial court did not breach its discretion (see, e.g., *Wallace v. State*, 248 Ga. 255, 261 (5) (282 SE2d 325)) in denying appellant's request to use a jury questionnaire. See *Baxter v. State*, 254 Ga. 538, 542 (5b) (331 SE2d 561). Also, appellant failed to show how he was harmed by the ruling.

3. (a) At the time of being advised of his arrest for aggravated assault, appellant spontaneously exclaimed, "I don't know what you're talking about." The record does not support a finding that appellant was subjected to interrogation at the time of his arrest; while interrogation includes not only express questioning but also any words or actions on the part of the police which the police should know are reasonably likely to elicit an incriminating response from the suspect, it does not include words or actions, such as here occurred, that are *normally attendant* to arrest and custody. *Rhode Island v. Innis*, 446 U. S. 291, 301 (100 SC 1682, 64 LE2d 297). The statement made at the time of arrest was an admissible spontaneous statement by appellant. See *Lolley v. State*, 259 Ga. 605, 606 (2) (385 SE2d 285). Moreover, " '[a]s a general rule, all the circumstances connected with a defendant's arrest[, including statements spontaneously uttered by defendant,] are admissible as part of the res gestae' " or to prove the circumstances surrounding the arrest. Compare *Sampson v. State*, 209 Ga. App. 213, 216 (3) (433 SE2d 136).

(b) Another statement made by appellant after being advised of

his *Miranda* rights that he had been with his girl friend and did not know anything about the shooting, constituted a voluntary statement. Compare *Aldridge v. State*, 258 Ga. 75 (3) (365 SE2d 111). This self-serving alibi claim was inconsistent with and relevant to impeach any defense of justification; the trial court did not abuse its discretion in admitting it as relevant. "The trial judge resolved the issues in favor of admissibility, and factual and credibility determinations of this sort made by a trial judge must be accepted by appellate courts unless such determinations are clearly erroneous." *Cunningham v. State*, 248 Ga. 835, 836 (2) (286 SE2d 427). Further, assuming arguendo error had occurred in the admission of this statement, it would have been harmless beyond a reasonable doubt. *Palmer*, supra.

4. Appellant's contentions that the trial court erred in permitting a fellow inmate to testify as to two other statements uttered by appellant without a *Miranda* warning having been administered to him, is without merit. The inmate-witness previously had acted as an informant in about fifteen cases over a ten-month period; the inmate-witness was paid in some instances but not in others for his information. However, he was not acting as an agent for law enforcement authorities at the time the two statements were made by appellant in the confinement facility. The hearing record establishes that no threats, coercion, or promises of reward or leniency were made to the witness.

The first statement of appellant was made when the witness was talking with him and other inmates in a holding cell. The witness asked appellant why he was in jail and appellant voluntarily responded that "he had shot somebody," but that "they couldn't prove it." Appellant's second statement was made to the witness the next day. Appellant initiated the second conversation stating, inter alia, that he had shot a person named D. J. or Donnie; appellant hated and despised the victim who appellant said had stolen drugs and clothes and had messed with appellant's girl friend. Appellant further stated he had put together a "creeping trip" (a venture breaking into cars) with the intention of shooting D. J. during the trip. Appellant never said the shooting was accidental or in self-defense. It warps the boundaries of reason to assume this witness was motivated by civic-minded concern; but even "[a]n inmate who acts upon the expectation of an unpromised reward does not thereby become an agent for the state." *Baxter*, supra at 546 (12). The record establishes the witness was not an agent for the State; no Fifth or Sixth Amendment violations occurred and the testimony of the witness was admissible. Id.; compare *Burgan v. State*, 258 Ga. 512, 515 (5) (371 SE2d 854).

5. Appellant concedes he was provided a copy of the initial incident report but contends the trial court erred in denying his request for production of investigative notes. We disagree. *Stevens v. State*, 242 Ga. 34, 37 (1) (247 SE2d 838). Moreover, examining OCGA § 50-

18-72 (a) (4), we conclude "investigative notes" are not within that category of law enforcement and prosecutorial documents authorized for release under the Georgia Open Records Act. Investigative notes are "notes" not "reports," and cannot be classified as police arrest reports, accident reports, or incident reports. Further, appellant has failed to identify the materiality or favorable nature of the evidence sought. *Anderson v. State*, 200 Ga. App. 29, 31 (9) (406 SE2d 791).

6. The trial court did not abuse its discretion in declining to sever the two counts of the indictment. The aggravated assault and possession of a firearm during the commission of a felony were part of a series of acts constituting a common plan or scheme. *Villarreal v. State*, 198 Ga. App. 501 (402 SE2d 104). The evidence of possession of a firearm would have been admissible during the trial of the felony offense of aggravated assault. Compare *Weaver v. State*, 206 Ga. App. 560 (1) (426 SE2d 41).

7. Certain records of prior convictions and a probation revocation order of the victim, Donnie Joyce, were admitted in evidence by appellant's counsel during cross-examination. The page of the transcript cited in appellant's brief reveals that appellant's counsel asked the victim whether, during a certain guilty plea hearing, "you told that judge you wouldn't violate any state or federal laws to be adjudged by the court." The trial court sustained the State's relevancy objection. The trial court has wide discretion in determining what evidence is legally or logically relevant. See generally *Carroll v. State*, 261 Ga. 553 (2) (408 SE2d 412); *Everman v. State*, 203 Ga. App. 350, 352 (3) (416 SE2d 861). Where, as here, proposed cross-examination would induce testimony that is not logically or legally relevant, the trial court does not abuse its discretion in disallowing such questioning. See *Lumpkin v. State*, 255 Ga. 363, 365 (5) (338 SE2d 431).

8. The trial court admitted, without objection, a certain tape recording of one of the State's witnesses who claimed the taped statement had been given under duress. The tape was offered by the State to impeach the witness' duress claim and not to impeach the factual contents thereof. As appellant's trial counsel affirmatively expressed no objection to the jury hearing the tape, this issue was not preserved for appellate review. See *Lawton v. State*, 259 Ga. 855, 856 (2) (388 SE2d 691); *McGee v. State*, 205 Ga. App. 722, 723 (3) (423 SE2d 666). Further, use of the tape to disprove testimony of duress constituted a permissible form of impeachment. Evidence tends to impeach if it casts doubt on the truth of a witness' present testimony (*Minter v. State*, 258 Ga. 629, 630 (2) (373 SE2d 359)), and even evidence of slight probative value in this regard may be admitted. See *Boatright v. State*, 192 Ga. App. 112, 116 (6) (385 SE2d 298). Recently, the Supreme Court clarified that "[a] party may impeach its own witness with a prior inconsistent statement without any showing of entrap-

ment or surprise" (*Rollins v. State*, 262 Ga. 698, 699 (1) (425 SE2d 285)) and, likewise, impeachment can be accomplished in cases such as this by a showing of prior conduct or demeanor inconsistent with or otherwise tending to cast doubt as to the truthfulness of a claim of threats, coercion or duress. Cf. *Minter*, supra.

9. As appellant's trial counsel entered no objection to the preliminary questioning of Dr. Albrecht regarding appellant's mental responsibility at the time of the crime and his competency to stand trial, the propriety of this questioning is not preserved for appellate review. See *Lawton*, supra. Moreover, appellant has failed to show how such questioning harmed him. Contrary to appellant's contentions, the evidence under consideration did not improperly place his character in issue, and appellant had taken no position regarding his competency and mental responsibility inconsistent with the testimony elicited. Harm also must be shown to warrant reversal. *Robinson v. State*, 229 Ga. 14, 15 (189 SE2d 53).

10. No objection was posed to the State's argument that the jury had "a bird's eye view of [appellant,] this smirking, sorry excuse for a human being. . . . Only a rotten coward does what he did." We find no error. "[I]t is permissible for counsel to draw deductions from the evidence [and voluntarily exhibited courtroom demeanor of the witnesses and parties] regardless of how illogical and unreasonable, and this is a 'matter for reply by adverse counsel, not for rebuke by the court.'" *Adams v. State*, 260 Ga. 298, 299 (1) (392 SE2d 866). As to whether these remarks were "outside the evidence," we agree with the conclusions in *Miller v. State*, 226 Ga. 730, 731 (5) (177 SE2d 253) and *Dudar v. Lewis*, 158 Ga. App. 724, 727 (282 SE2d 194).

Assuming arguendo error occurred, it was not reversible. As no timely, inflammatory argument objection was posed, the proper test is that announced in *Tharpe v. State*, 262 Ga. 110, 114 (16) (416 SE2d 78); we find there exists no reasonable probability that the argument, even if improper, changed the result of this trial.

11. Applying the two-prong test of *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674), we find that appellant has failed to carry his burden (*Rachell v. State*, 210 Ga. App. 106, 108 (3a) (435 SE2d 480)) of establishing inadequacy of counsel. There exists a strong presumption that trial counsel's performance falls within the wide range of reasonable professional assistance, and that any challenged action of trial counsel might be considered strong trial strategy. *Ferrell v. State*, 261 Ga. 115, 119-120 (3) (401 SE2d 741). Appellant has not overcome this presumption. Moreover, the record reveals that among the several trial strategies employed by the defense was that of having appellant submit to psychological evaluation. Errors of judgment and tactics do not constitute ineffective assistance of counsel per se. *Bishop v. State*, 155 Ga. App. 611, 615-616 (2d)

(271 SE2d 743). Assuming without deciding that some form of professional deficiency had been established, appellant has failed to show there existed a reasonable probability that but for such deficiency a different result would have occurred. See generally *Smith v. State*, 262 Ga. 480 (422 SE2d 173).

12. Applying the standards of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560), we find appellant's enumeration of insufficiency of the evidence is without merit.

13. The trial court did not err in denying appellant's motion for new trial. *Bill Jones Motors v. Mitchell*, 100 Ga. App. 185, 188 (110 SE2d 555).

*Judgment affirmed. Cooper and Blackburn, JJ., concur.*

DECIDED MARCH 4, 1994 —
RECONSIDERATION DENIED MARCH 17, 1994 —

*Finestone, Morris & Wildstein, Bruce H. Morris, Robert H. Citronberg*, for appellant.

*Daniel J. Porter, District Attorney, David K. Keeton, Assistant District Attorney*, for appellee.