## A94A0412. RIDEN v. THE STATE.

(443 SE2d 865)

Birdsong, Presiding Judge.

Johnny Riden appeals his convictions for violating the Georgia Controlled Substances Act for possession of cocaine with the intent to distribute, possession of a firearm during the commission of a crime, and possession of a firearm by a convicted felon. After these convictions, the trial court also sentenced Riden as a habitual felon.

The record shows that police officers responding to information that a possible drug transaction was taking place in a location where street sales of cocaine were common, found an individual and a vehicle that corresponded to the information received. When the officers approached the vehicle, one person, later identified as appellant, was sitting in the driver's seat of the car with the door open and one leg in the car and the other outside the car. The officer testified that when Riden saw the officer approaching, he tried to conceal something under the seat. When the officer looked under the seat, he found a cloth bag containing 98 rocks of crack cocaine. Later, a loaded weapon and a number of small ziplock bags were found in the glove compartment and a large amount of cash was found on Riden. At trial, an expert witness testified that the items in the bag were cocaine.

In addition, a police officer from another Georgia city testified about an incident some four months earlier in which Riden was apprehended for obstruction of a police officer and one rock of crack cocaine was found in his wallet. The officer testified that the packaging of the crack cocaine found in Riden's possession on both occasions was similar. Further, there was evidence that appellant was a visitor to both cities.

Riden contends the trial court erred by allowing testimony regarding a prior similar transaction, by allowing testimony about a drug test without a proper scientific foundation, and by denying his motions for a directed verdict and a new trial. *Held:*

1. A motion for a directed verdict of acquittal should be granted only when there is no conflict in the evidence and the evidence with all reasonable deductions and inferences therefrom demands a verdict of acquittal as a matter of law. OCGA § 17-9-1 (a); *Taylor v. State,*

252 Ga. 125 (312 SE2d 311). On appeal a reviewing court may consider all the evidence in the case (*Bethay v. State*, 235 Ga. 371, 375 (219 SE2d 743)) and must view the evidence in the light most favorable to the verdict. *Humphrey v. State*, 252 Ga. 525, 527 (314 SE2d 436). Review of all the evidence of record, and in particular the evidence discussed above, in this manner reveals ample evidence from which any rational trier of fact could find beyond a reasonable doubt that Riden was guilty of the offenses charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Accordingly, the trial court did not err by denying appellant's motion for a directed verdict.

Riden further contends the trial court erred by denying his motion for a new trial because the evidence was insufficient to support the verdict. This argument, however, must be addressed to the trial judge because our law gives the trial judge alone the authority to grant a new trial for this reason. This court has no such power. *Dixon v. State*, 192 Ga. App. 845, 846 (386 SE2d 719). Moreover, as discussed above, the record discloses ample evidence to support the verdict. Therefore, appellant's third enumeration of error is without merit.

2. Riden contends that the trial court erred by allowing in evidence concerning his prior conviction for possession of one "rock" of crack cocaine in his billfold because, according to Riden, there was no similarity between that crime and the crime of possession of 98 rocks of crack cocaine with intent to distribute for which he was convicted. Riden correctly states the general character of an accused is inadmissible unless the accused puts his character in issue and that proof of a distinct, independent, and separate offense is never admissible unless there is some logical connection between the separate offense and the offense for which the accused is on trial so that proof of the separate offense establishes the offense for which the accused is on trial. *Williams v. State*, 261 Ga. 640, 641 (409 SE2d 649). His argument that there was insufficient similarity between the two transactions, however, is not supported by the record.

On both occasions within a relatively short span of time, appellant was apprehended while stopped in his car on a street in an area known as a place to sell drugs. In each instance he had in his possession crack cocaine that was packaged in similar small plastic ziplock bags. Under the circumstances, we find the evidence of similarity sufficient. Accordingly, as there was compliance with *Williams v. State*, supra at 642 and *Stephens v. State*, 261 Ga. 467, 468-469 (405 SE2d 483), and the trial court's ruling was not clearly erroneous, there was no error in admitting this similar transaction evidence. *Mitchell v. State*, 206 Ga. App. 672, 673 (426 SE2d 171).

3. Because of his tactics in the trial court, Riden's contention that the trial court improperly allowed testimony regarding a drug

test presents nothing for review. Although Riden objected to the foundation of admitting the challenged evidence, he did not state his basis for the objection. Such an objection is insufficient to preserve the issue for appellate review. *Armstrong v. State*, 160 Ga. App. 237, 238 (286 SE2d 523); *Blount v. State*, 143 Ga. App. 845 (240 SE2d 216).

*Judgment affirmed. Cooper and Blackburn, JJ., concur.*

DECIDED APRIL 15, 1994.

*Bates, Kelehear, Starr & Toland, Harlan M. Starr, James E. Toland, Jr.*, for appellant.

*Jack O. Partain III, District Attorney, Melvin E. Hyde, Jr., Assistant District Attorney*, for appellee.