A94A2126. JACKSON v. THE STATE.
(456 SE2d 229)

McMURRAY, Presiding Judge.

Defendant was tried before a jury for possession of cocaine with intent to distribute. The evidence adduced at trial reveals the following: At about 8:45 in the evening on June 26, 1992, Officer Jeff Smith of the Lawrenceville Police Department was on routine traffic patrol with the "DUI" task force when he received a radio dispatch directing a lookout for a blue Chevrolet Monte Carlo allegedly operating in an area known for illegal drug activity. Within less than 30 minutes, Officer Smith spotted a blue Monte Carlo in the designated area, noticed the suspect vehicle stopped in the middle of the roadway and observed the driver of the Monte Carlo talking (through the driver's

side window) to a man the officer recognized as Frankie Joe Patillo. When Officer Smith pulled his patrol car behind the suspect vehicle, the Monte Carlo moved to the side of the road. Officer Smith followed and radioed for police assistance. He then exited his police cruiser and approached Frankie Joe Patillo, who was then standing by the driver's side window of the suspect vehicle.

Officer Smith observed two men in the front seat section of the Monte Carlo. One of these men was the defendant who was in the driver's seat and the other man was a passenger who was not identified. When police back-up arrived, Officer Smith asked defendant to produce his driver's license and vehicle registration. Officer Smith then noticed that defendant's "eyes were bloodshot and glazed, that his speech . . . was slurred and thick, and [that] an odor of alcoholic beverage [was] coming from [defendant's] face and breath as he spoke." Officer Smith asked defendant "to step from the vehicle so as to investigate [defendant's] sobriety." As defendant complied, Officer Smith observed "physical manifestations [which caused him to place defendant] under arrest for driving under the influence." Officer Smith searched defendant, handcuffed him and placed him in the back of the police cruiser. He then returned to the Monte Carlo and "did a visual look at the [suspect vehicle] to see if there was anything out in the open. [Officer Smith] did notice that there was an end of a can protruding from underneath the drivers [sic] seat, and[,] as [he] pulled the can from underneath the driver's seat[, the officer] noticed it was an empty beer can. [Officer Smith] also noticed a prescription bottle under the seat next to the [beer] can." The prescription bottle contained 19 pieces of "a white chunky substance which [was later identified as] crack cocaine."

The jury found defendant guilty of possession of cocaine with intent to distribute. This appeal followed the denial of defendant's motion for new trial. *Held*:

1. Defendant first challenges the sufficiency of the evidence and cites *Reid v. State*, 212 Ga. App. 787 (442 SE2d 852), and *Whipple v. State*, 207 Ga. App. 131 (427 SE2d 101), arguing that the State's evidence of his spatial proximity to contraband is insufficient to support a finding that he was in constructive possession of "crack cocaine."

In *Reid* and *Whipple*, this court reversed convictions involving illegal possession of cocaine because the State failed to link defendants to contraband found in vehicles they occupied immediately before their arrests. These decisions balance on the fact that others had equal access to the vehicles where the contraband was found and involve lack of evidence of the contraband's close spatial proximity or easy accessibility to the defendants. *Reid v. State*, 212 Ga. App. 787, 789, supra, and *Whipple v. State*, 207 Ga. App. 131 (1), 132, supra. While the case sub judice is similar to *Reid* and *Whipple* in

that the State relies on circumstantial evidence to prove defendant's constructive possession of cocaine, it is distinguishable because defendant is linked to the contraband by evidence other than mere spatial proximity.

" 'A person who, though not in actual possession, knowingly has both the power and intention at a given time to exercise dominion or control over a thing is then in constructive possession of it. . . .' " *Allen v. State,* 191 Ga. App. 623, 624 (2) (382 SE2d 690) (1989). In the case sub judice, defendant was not only in close spatial proximity to the "crack cocaine" found in the suspect vehicle, he had easy access to the contraband and thus had power to exercise immediate control over it. To this extent, the contraband was not "stashed" or otherwise "tucked away" so as to make it difficult for defendant to reach; the cocaine was found lying on the floorboard under the driver's seat and it was found next to an empty beer can which was directly linked to defendant via his state of inebriation at the time of arrest. Further, it appears that the "crack cocaine" was not within immediate reach of the passenger of the suspect vehicle and it is highly unlikely that a group of onlookers that gathered at the crime scene had access to the suspect vehicle while Officer Smith was securing defendant in the patrol car as "three or four [other] officers [were then] on the scene." This evidence, evidence that exigent circumstances arose requiring a hasty "stash" of the contraband under the driver's seat of the suspect vehicle (i.e., Officer Smith's extemporaneous arrival at the scene), evidence that the quantity and form of cocaine found is typical of an amount and type carried by persons engaged in illegal drug distribution and evidence that defendant was talking (apparently dickering) with Frankie Joe Patillo in the middle of a known drug source area is sufficient to authorize the jury's finding that defendant is guilty, beyond a reasonable doubt, of possession of cocaine with intent to distribute. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Shropshire v. State,* 201 Ga. App. 421 (411 SE2d 339) (1991).

2. Next, defendant contends the trial court erred in failing to instruct the jury as to the law of "equal access" even though his trial attorney did not submit a written request, arguing that such an instruction went to his sole defense at trial. This contention was raised and rejected under similar circumstances in *Pittman v. State,* 208 Ga. App. 211, 215 (3) (430 SE2d 141).

Defendant's reliance on the equal access rule as a defense is misplaced. " 'The equal access rule, entitling a defendant to acquittal where evidence is presented that others had equal access to a vehicle or that the vehicle had recently been used by others, applies only where the sole evidence of possession of contraband found in the vehicle is the defendant's ownership or possession of the vehicle. (Cit.)'

*Wright v. State*, 194 Ga. App. 739 (2) (391 SE2d 791) (1990). ' "It is simply a defense available to the accused to whom a presumption of possession flows. Because (in the case sub judice) the State did not show the indicia giving rise to the presumption, that is, ownership or exclusive control of the vehicle, no presumption arose and therefore there was no triggering of the equal access defense." (Cit.)' *Akins v. State*, 184 Ga. App. 441 (1) (361 SE2d 707) (1987)." *Bowen v. State*, 203 Ga. App. 371 (1) (417 SE2d 18). Consequently, the trial court did not err in failing to charge the jury on "equal access." See *Pittman v. State*, 208 Ga. App. 211, 215 (3), supra.

3. In his third enumeration, defendant contends the trial court erred in allowing evidence of his prior conviction (which was based on defendant's plea of guilty) for possession of cocaine with intent to distribute, arguing that there is insufficient similarity or connection between the prior offense and the offense charged so that proof of the former tends to prove the latter. See *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649). We do not agree.

The prior offense occurred about two years before the crime charged; both crimes occurred in the same area of town; both cases involved defendant's apprehension while stopped in a vehicle with another man; both times defendant was either in actual or constructive possession of quantities and types of cocaine consistent with illegal drug trade. "Under the circumstances, we find the evidence of similarity sufficient. Accordingly, as there was compliance with *Williams v. State*, supra at 642 and *Stephens v. State*, 261 Ga. 467, 468-469 (405 SE2d 483), and the trial court's ruling was not clearly erroneous, there was no error in admitting this similar transaction evidence. *Mitchell v. State*, 206 Ga. App. 672, 673 (426 SE2d 171)." *Riden v. State*, 213 Ga. App. 17, 18 (2) (443 SE2d 865).

4. In his final enumeration, defendant challenges the trial court's finding that he was not denied effective assistance of counsel at trial, arguing that his trial attorney should have submitted a request to charge on "equal access." Defendant also argues that his trial attorney should have called an alleged eyewitness (Dudley Blake Harris) who testified at the hearing on defendant's motion for new trial that he saw an unidentified man standing on the passenger side of the suspect vehicle at the time of defendant's arrest and "make a motion like he threw something, as the officer come around the curve, like he threw something — toss something off in the car, and he took off running." Finally, defendant argues that his trial attorney should have called him to testify in his own defense at trial.

"To establish ineffective assistance of counsel, [defendant] must show that his counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984); *Smith v. Fran-*

*cis,* 253 Ga. 782, 784 (325 SE2d 362), cert. denied, 474 U. S. 925 (106 SC 260, 88 LE2d 266) (1985)." *Gross v. State,* 262 Ga. 232, 233 (1) (416 SE2d 284). In the case sub judice, we cannot say the trial court erred in finding that defendant failed to satisfy this test.

As demonstrated in Division 2 of this opinion, defense counsel's failure to request a charge on "equal access" was neither erroneous nor harmful. Further, after examination of Dudley Blake Harris' testimony at the motion for new trial hearing, we cannot say the trial court erred (as a matter of law) in concluding that defense counsel's decision not to call Dudley Blake Harris as a witness at trial amounted to ineffective assistance of counsel. Nor can we say the trial court erred in refusing to second guess defense counsel's recommendation to defendant not to testify in his own defense at trial. Such alleged errors of judgment and tactics do not constitute ineffective assistance of counsel as a matter of law. *Lebis v. State,* 212 Ga. App. 481, 485 (11) (442 SE2d 786).

*Judgment affirmed. Pope, P. J., concurs. Smith, J., concurs specially.*

SMITH, Judge, concurring specially.

I concur fully in the result reached by the majority and in Divisions 2 and 4. I write specially for two reasons.

1. Although I agree that the evidence was sufficient to support Jackson's conviction, I cannot agree with all that is said by the majority in Division 1. In describing both *Reid v. State,* 212 Ga. App. 787 (442 SE2d 852) (1994) and *Whipple v. State,* 207 Ga. App. 131 (427 SE2d 101) (1993), the majority states that both decisions "involve lack of evidence of the contraband's close spatial proximity or easy accessibility to the defendants." That may have been true in *Whipple.* In *Reid,* however, as in this case, there was evidence that the contraband was found in close spatial proximity to the accused and he had easy access to it. Reid was a passenger in the car where the contraband was found "on the floorboard on the passenger side of the car between the place where the bench seat was bolted to the car's frame and the passenger door, approximately six inches from the door." 212 Ga. App. at 788.

In my view, all three cases involve circumstantial evidence, constructive possession, and the spatial proximity of the contraband to the accused; *Reid* and this case also involve evidence of similar transactions. A finding of constructive possession, however, must be based upon "some connection [with] the defendant and the contraband other than spatial proximity." (Citation and punctuation omitted.) *Llaguno v. State,* 197 Ga. App. 789, 790-791 (1) (399 SE2d 564) (1990). If the State's case had consisted solely of evidence that Jackson was driving, the drugs were found under the driver's seat, and

Jackson had previously been convicted of possession of cocaine with intent to distribute, then, in my view, a directed verdict of acquittal may have been demanded.

The reason it was not, and the difference between this case and *Reid*, is that here the State introduced additional evidence linking Jackson with the contraband. That evidence, although itself circumstantial, was sufficient to allow the case to go to the jury. See *Allen v. State*, 200 Ga. App. 326, 328 (2) (408 SE2d 127) (1991). The arresting officer testified that Jackson appeared to be inebriated. The State introduced evidence that Jackson had been driving, that an empty beer can was found under the driver's seat, and that the vial containing 19 rocks of cocaine was found right next to the empty beer can. From this evidence, the jury was authorized to believe that Jackson had been drinking beer from the can found under his seat and that he placed the empty can under the seat. They therefore were also authorized to infer that he at least must have known of the vial immediately adjacent to the can.

2. Although I agree with the majority's conclusion in Division 3 that evidence of Jackson's prior conviction was properly admitted as a similar transaction, I believe that Jackson is entitled to an explanation distinguishing his case from *Morris v. State*, 212 Ga. App. 779 (442 SE2d 792) (1994), upon which he relies heavily. In *Morris,* we reversed a conviction for possession of diazepam and held that similar transaction evidence was improperly admitted.[1]

Jackson argues that *Morris* stands for the proposition that a prior crime is necessarily dissimilar when it involves a different type of possession. In *Morris*, the prior offense involved constructive possession while in the charged offense the accused was found in actual possession of the contraband. Jackson reasons that the holding in *Morris must* have been based on that distinction because the other dissimilarity noted in the majority opinion there — the fact that the offenses involved different drugs — was held by the Supreme Court not to affect the admissibility of prior crimes. *State v. Johnson*, 246 Ga. 654 (272 SE2d 321) (1980) (reversing *Johnson v. State*, 154 Ga. App. 793 (270 SE2d 214) (1980)).

I find this argument to be fallacious. *Johnson* was decided before the Supreme Court's decision in *Williams v. State*, 261 Ga. 640 (409 SE2d 649) (1991), which changed the law regarding the admission of similar transaction evidence. Moreover, this court has found evidence of prior crimes admissible despite differences in the type of possession. See, e.g., *Riden v. State*, 213 Ga. App. 17, 18 (2) (443 SE2d 865)

---

[1] *Morris* has no precedential value, because only two judges concurred in the majority opinion.

(1994) (prior offense admissible as similar even though it involved actual possession, when offense charged involved constructive possession). The distinction drawn by Jackson belies common sense as well, since possession may be changed from actual to constructive at will by the accused at the time of his arrest, merely by throwing down any contraband. That maneuver, however, does not change the underlying nature of the offense or the ways it may be similar to prior or subsequent offenses in the manner contemplated by *Williams*, supra.

Here, the prior offense was sufficiently similar to the charged offense to be admissible, in that the drug was identical, the number of "rocks" of crack cocaine found was more than that ordinarily found for personal use, and Jackson possessed the contraband while traveling in an automobile.

DECIDED FEBRUARY 27, 1995 —
RECONSIDERATION DENIED MARCH 24, 1995 — 

*Lenzer & Lenzer, Robert W. Lenzer, Thomas P. Lenzer,* for appellant.

*Daniel J. Porter, District Attorney, George F. Hutchinson III, Brian K. Wilcox, Assistant District Attorneys,* for appellee.