A96A2364. NOBLE v. THE STATE.
(484 SE2d 78)

RUFFIN, Judge.

John Noble appeals his convictions for possession of cocaine and possession of a firearm during the commission of a felony. In two enumerations of error, Noble asserts the trial court erred in denying his motion for directed verdict and that the evidence was insufficient to support the verdict. We affirm.

" 'The standard of review for the denial of a motion for a directed verdict of acquittal is the same as that for reviewing the sufficiency of the evidence to support a conviction.' . . . [Cit.]" *Hogan v. State*, 210 Ga. App. 122, 123 (1) (435 SE2d 494) (1993). Under that standard we view the evidence in the light most favorable to the jury's verdict and determine whether " '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' . . . [Cit.]" (Emphasis in original.) Id.

Viewed in this light, the evidence shows that Noble was riding as a passenger in a pickup truck driven by co-defendant Cheryl Webb. A police officer pulled Webb over after observing her speeding. When the officer approached the pickup truck, Noble stated he had a gun. After the officer searched both occupants and found no weapons, Noble informed the officer that the gun was lying in the middle of the

seat. The officer testified that he walked up to the passenger's side of the truck, where he "observed the handle of a gun sticking out from under a white pillow." The officer stated that the pillow was lying in the middle of the seat. When the officer lifted the pillow to retrieve the gun, a clear plastic bag containing marijuana and a brown bottle containing cocaine fell from the pillowcase. According to the officer, "[t]hey just fell out of the end, the open end of the pillowcase, toward the dash. When I lifted up the rear of the pillow to pull the weapon out, the stuff just fell out." After arresting Noble and Webb, the officer found a partially smoked marijuana cigarette in Webb's pocketbook. An officer who questioned Webb following her arrest testified that she admitted the marijuana belonged to her, but denied knowing anything about the cocaine. Neither defendant testified at trial.

The court charged the jury on both actual and constructive possession and stated that constructive possession may be sole or joint. The jury subsequently found Noble guilty of possessing cocaine and possessing a firearm during the commission of a felony. The jury found Webb guilty of possessing marijuana, but not guilty of possessing cocaine.[1] Noble argues that the State's evidence was insufficient to show he possessed the cocaine. We disagree.

"A person who, though not in actual possession, knowingly has both the power and intention at a given time to exercise dominion or control over a thing is then in constructive possession of it." (Citation and punctuation omitted.) *Jackson v. State*, 216 Ga. App. 842, 844 (1) (456 SE2d 229) (1995) (physical precedent only). "[A] finding of constructive possession must be based upon some connection between the defendant and the contraband other than spatial proximity. Evidence of mere presence at the scene of the crime, and nothing more to show participation of a defendant in the illegal act, is insufficient to support a conviction." (Citations and punctuation omitted.) *Reid v. State*, 212 Ga. App. 787, 788 (442 SE2d 852) (1994). And, where as in this case, the conviction is based " 'on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused. Whether this burden has been met is a question for the jury, and its determination will not be disturbed unless the verdict is insupportable as a matter [of] law.' . . . [Cit.]" *Byers v. State*, 212 Ga. App. 110, 111-112 (1) (b) (441 SE2d 290) (1994).

In *Jackson*, supra, we found the evidence was sufficient to support the jury's verdict where it showed that cocaine was discovered on a car floorboard next to a can of beer linked to the defendant.

---

[1] Although Webb was charged with other offenses, they are not relevant to this appeal and will not be discussed.

*Jackson*, supra at 844. Likewise we find in this case that there was additional evidence linking Noble to the cocaine. Not only was Noble seated directly next to the pillow containing the bottle of cocaine, but his handgun was partially concealed under the pillow. Furthermore, the jury heard uncontradicted evidence that Webb denied any knowledge of the cocaine. Such evidence excludes the hypothesis that the cocaine belonged to Webb. Cf. *Reid*, supra at 789 (the fact that the defendant "never *saw* [his passenger] with drugs does not exclude the hypothesis that the drugs belonged to [the passenger]; it is inconsistent only with a theory that relies upon [defendant] having *seen* [the passenger] with drugs, and it therefore *excludes* only such a theory"). (Emphasis in original.) The only other reasonable hypothesis was that the cocaine belonged to Noble.

Accordingly, the evidence, although circumstantial, was sufficient to allow the case to go to the jury and to authorize the jury's finding that Noble was guilty, beyond a reasonable doubt, of possession of cocaine and possession of a firearm during the commission of a felony. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Jackson*, supra; *Allen v. State*, 200 Ga. App. 326, 328 (2) (408 SE2d 127) (1991).

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED MARCH 13, 1997.

*Billy M. Grantham*, for appellant.

*J. Brown Moseley, District Attorney, Victoria Spear-Darrisaw, Assistant District Attorney*, for appellee.

