A99A2474. YOUNG v. THE STATE.
A99A2475. JACKSON v. THE STATE.
(530 SE2d 758)

POPE, Presiding Judge.

Co-defendants Charles E. Young and Lizzie Outlaw Jackson were convicted by a jury of possession of cocaine and possession of a firearm during the commission of a felony. On appeal, both defendants enumerate as error the denial of their motions for directed verdict and challenge the sufficiency of the evidence to support their convictions. Additionally, Young argues that the trial court erred in failing to give his requested charge on equal access. For the reasons that follow, we affirm both convictions.

1. Defendants enumerate as error the denial of their motions for directed verdict and, in separate enumerations of error, also challenge the sufficiency of the evidence to support their convictions.

On appeal the evidence is viewed in the light most favorable to support the verdict, and defendants no longer enjoy a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. The standard for reviewing a challenge to the sufficiency of the evidence, whether enumerated as error on appeal or made in the

form of a motion for directed verdict of acquittal at trial, is whether under the rule of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), the evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that the defendant was guilty of the charged offense. See, e.g., *Lester v. State*, 226 Ga. App. 373, 376 (2) (487 SE2d 25) (1997); *Noble v. State*, 225 Ga. App. 470, 471-472 (484 SE2d 78) (1997). Viewed in this light, the evidence shows the following: At about 8:00 p.m. on November 4, 1996, Officer Scott Ryals of the Henry County Police Department observed a car with an expired tag traveling southbound on Interstate 75. Ryals stopped the vehicle and asked the driver, defendant Young, to exit the vehicle while Ryals checked his license and proof of insurance. Ryals said Young's eyes appeared to be bloodshot, but he did not smell alcohol or notice anything else that might have indicated that Young was under the influence of alcohol. After he checked his license, Ryals told Young he was free to go but commented that his eyes were bloodshot and asked Young if he had anything in the car, such as alcohol, prescription medication or narcotics, that might have caused his eyes to be red. Young responded in the negative. Ryals then asked if he could search the vehicle, and Young gave his consent to search. Ryals testified he had walked about halfway to the passenger side of the vehicle when Young advised him that there was a handgun under the front seat. Ryals asked the passenger, defendant Jackson, to exit the vehicle and then retrieved the handgun from under the passenger side of the front seat. Ryals testified that he also found a quantity of what was subsequently identified as 6.8 grams of cocaine "[r]ight with the gun." Ryals testified that the gun was "underneath the front seat, more on the passenger's side, but kind of pushed toward the middle of the seat," and that neither the gun nor the cocaine was visible from outside the vehicle. Both defendants were searched and $629 in U. S. currency was found on Young, but no drug paraphernalia were found on either defendant.

Both defendants testified at trial and denied knowing that the cocaine was under the seat. Young testified that he was a long-haul truck driver and that he and Jackson, his fiancée, had been on the road since late September. Defendants testified that they had left the car in which the contraband was found at Jackson's mother's house in Alamo, Georgia, and that anyone in Jackson's family was allowed to drive the car. On the day of the arrest, defendants had driven from Illinois to Jackson's mother's house in Alamo. Young left Jackson in Alamo and proceeded to drop the truck off at the terminal in Hazelhurst, where he also received his pay of $738.48. Jackson drove the car to Hazelhurst, picked up Young, and then drove three and one-half hours to Atlanta to buy some makeup, pick up mail, and visit family. Defendants were traveling back to south Georgia when

they were stopped. Young testified that they did not stop in Atlanta when they had driven around it earlier in the day because 18-wheel trucks are allowed inside the perimeter only under specified circumstances. According to Young, the gun was left in the car the entire time it was at Jackson's mother's house in Alamo; according to Jackson, Young did not know it, but she had taken the gun out of the car while they were on the road and left it inside her mother's house. Jackson testified she stuck the gun, which she said was inside a bag with some important papers, under the car seat when she picked up the car on November 4.

Defendants argue that the state's evidence shows nothing more than their spatial proximity to the contraband and that the state failed to establish their constructive possession of the cocaine. "A person who, though not in actual possession, knowingly has both the power and intention at a given time to exercise dominion or control over a thing is then in constructive possession of it." (Citation and punctuation omitted.) *Jackson v. State*, 216 Ga. App. 842, 844 (1) (456 SE2d 229) (1995) (physical precedent only). It is true, as defendants argue, that

[a] finding of constructive possession must be based upon some connection between the defendant and the contraband other than spatial proximity. Evidence of mere presence at the scene of the crime, and nothing more to show participation of a defendant in the illegal act, is insufficient to support a conviction. And, where as in this case, the conviction is based on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused. Whether this burden has been met is a question for the jury, and its determination will not be disturbed unless the verdict is insupportable as a matter of law.

(Citations and punctuation omitted.) *Noble v. State*, 225 Ga. App. at 471.

Defendants argue that others had access to their car, that the state's evidence showed the cocaine was behind the gun, and that the gun was placed in the car after the cocaine. But the officer testified that he found the cocaine "right with the gun," and that he was absolutely certain the gun and cocaine were together. And there was no affirmative evidence that defendants' car had been used in their absence, only that they gave permission for others to use the car.

This case is similar to both *Noble v. State*, 225 Ga. App. at 471, and *Jackson v. State*, 216 Ga. App. at 843 (1), in which we found the evidence established defendants' constructive possession of the con-

traband. In *Noble* the contraband was found inside the pillowcase of a pillow which was lying on top of a gun that defendant admitted he owned; this evidence, we held, provided the additional link between defendant and the contraband. *Noble*, 225 Ga. App. at 471-472. In *Jackson*, the evidence suggested defendant was intoxicated, and the contraband was found next to an empty beer container on the floorboard under his seat. In this case, the officer testified that he found the cocaine "right with the gun," which defendants admitted they owned. This provided an additional link or connection between the cocaine and the defendants. And although neither the gun nor the contraband was in plain view, the defendants' testimony showed the gun was easily accessible, and the officer's testimony established that the gun and contraband were within defendants' dominion and control. See *Jackson*, 216 Ga. App. at 844 (1); compare *Mitchell v. State*, 268 Ga. 592 (492 SE2d 204) (1997) (evidence that contraband was found under front passenger floor mat was insufficient to show constructive possession by passenger when the car was owned and operated by driver and his girlfriend); *Reid v. State*, 212 Ga. App. 787 (442 SE2d 852) (1994) (in which only evidence linking defendant to the contraband was inadmissible hearsay).

2. Defendant Young enumerates as error the refusal of the trial court to give his written requested charge on equal access. We find no error. The transcript plainly shows that Young withdrew this request after the trial judge indicated he would not charge on the presumption of possession arising from ownership or control of the vehicle. And we reject Young's contention that failure to give the charge rises to the level of constitutional harm and that we should therefore address this enumeration even though he withdrew his request to charge at trial. Moreover, "when[, as here,] the trial judge elects not to charge the jury on the presumption of possession, an equal access instruction is not required." (Citations and punctuation omitted.) *Thompson v. State*, 234 Ga. App. 74, 77 (3) (506 SE2d 201) (1998).

*Judgments affirmed. Smith and Miller, JJ., concur.*

DECIDED MARCH 9, 2000 — 

*Thomas E. Stewart*, for appellants.

*Tommy K. Floyd, District Attorney, James L. Wright III, Assistant District Attorney*, for appellee.