A03A2580. FELDER v. THE STATE.
(591 SE2d 471)

JOHNSON, Presiding Judge.

A jury found Darryl Felder guilty of possession of cocaine and giving false information. Felder appeals his conviction for possession of cocaine, alleging the evidence was insufficient to support a conviction for this offense and that the trial court erred in denying his motion for a directed verdict of acquittal on this offense. We find no error and affirm Felder's conviction.

Viewed in a light most favorable to support the jury's verdict, the evidence shows that the victim was walking toward a bus stop when Felder, seated in his car, asked her for a cigarette lighter. The victim testified that Felder was sitting on the passenger side of the vehicle and appeared to be "messed up a little bit on something." When the victim gave Felder a cigarette lighter, Felder grabbed her arm and, at knifepoint, forced her inside a house where she alleged that he raped her. Felder alleged the victim consented to the sexual relations.

At some point, the victim fled the residence and went to the home of a neighbor, who called the police. Felder left his residence and returned while the police were still at the scene. The victim pointed out Felder's vehicle and identified Felder as the man who had assaulted her. During a discussion with police, Felder gave the officer a false name and distanced himself from the victim. Felder was placed under arrest, and he voluntarily consented to a search of his residence. Before the police searched his residence, however, they looked in his vehicle and noticed a plastic bag on the front seat which appeared to contain cocaine. Lab results proved that the bag did contain cocaine.

Felder argued at trial that the victim must have put the cocaine in his car. He argues on appeal that his conviction for possession of cocaine was based entirely on circumstantial evidence and that the equal access rule should apply since the victim had been inside his vehicle and could have put the cocaine in the vehicle. We find no merit to this contention.

The equal access rule, which entitles the defendant to acquittal where evidence is presented that others had equal access to a vehicle or that the vehicle had recently been used by others, applies only

where the sole evidence of possession of the contraband found in the vehicle is based upon the defendant's ownership or possession of the vehicle.[1] Here, Felder's possession of the vehicle was not the sole evidence of his possession of the contraband found in it.

The victim testified that Felder appeared "messed up a little bit on something" and that, when she first saw him, he was sitting in the location where the cocaine was later discovered. Moreover, there was sufficient evidence for the jury to conclude that the plastic bag of cocaine sitting on the front passenger seat was visible to Felder and that Felder had access to it and the power to exercise control over it, especially since Felder drove the car after the alleged attack and returned by himself to the scene of the alleged attack. While these facts would not demand a guilty verdict, they are sufficient to support the jury's finding that Felder was guilty beyond a reasonable doubt of possession of cocaine.[2] The trial court did not err in denying Felder's motion for a directed verdict of acquittal.

*Judgment affirmed. Eldridge and Mikell, JJ., concur.*

DECIDED DECEMBER 5, 2003.

*Adams, Hemingway & Wilson, Scott C. Huggins*, for appellant.
*Howard Z. Simms, District Attorney, Nancy S. Moskaly, Assistant District Attorney*, for appellee.

---

[1] See *Jackson v. State*, 216 Ga. App. 842, 844-845 (2) (456 SE2d 229) (1995).
[2] *Coleman v. State*, 229 Ga. App. 642, 643-644 (494 SE2d 549) (1997).