A08A0918. SPARKS v. THE STATE.
(664 SE2d 247)

JOHNSON, Presiding Judge.

A jury found Thomas Sparks guilty of piercing the body of a person under the age of 18. Sparks appeals, contending the trial court erred when it denied his motion for a directed verdict of acquittal. We find no error and affirm Sparks' conviction.

The standard of review for the denial of a motion for a directed verdict of acquittal is the same as that for reviewing the sufficiency of the evidence to support a conviction.[1] Under that standard, we must view the evidence in the light most favorable to uphold the jury's verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[2] A directed verdict of acquittal should be granted only "[w]here there is no conflict in the evidence and the evidence introduced with all reasonable deductions and inferences therefrom shall demand a verdict of acquittal."[3]

Viewed under this standard, the evidence shows that Stephanie Barber paid Sparks to have her tongue pierced. At the time, Barber

---

[1] See *Noble v. State*, 225 Ga. App. 470 (484 SE2d 78) (1997).
[2] Id.
[3] OCGA § 17-9-1 (a).

was 17 years old, but she told Sparks she was 18 years old and had left her identification at home. During the signing of the contract/consent form, Sparks told Barber to write on the form that she had shown Sparks a driver's license when, in fact, Barber did not have her driver's license and did not show it to Sparks. Sparks did not present any evidence at trial.

Sparks claims on appeal that the trial court erred in denying his motion for a directed verdict of acquittal because the state did not prove the piercing was done "without having the prior written consent of a custodial parent." According to Sparks, the failure to have prior written consent of a custodial parent or guardian is an essential element of the case. We disagree given the circumstances of this case.

OCGA § 16-5-71.1 (a) provides as follows:

> It shall be unlawful for any person to pierce the body, with the exception of the ear lobes, of any person under the age of 18 for the purpose of allowing the insertion of earrings, jewelry, or similar objects into the body, unless the prior written consent of a custodial parent or guardian of such minor is obtained; provided, however, that the prohibition contained in this subsection shall not apply if:
>
> (1) Such person has been furnished with proper identification showing that the individual is 18 years of age or older; and
>
> (2) The person reasonably believes such minor to be 18 years of age or older.

In the present case, Barber told Sparks she was 18 years old and signed a contract to receive piercing indicating that she was 18 years old. Thus, contrary to Sparks' contention, no parental consent was necessary given the circumstances of this case.

The piercing statute is similar to statutes prohibiting the selling of tobacco to minors or alcohol to persons under the age of 21.[4] In both those statutes, there is a duty on the part of the person selling the tobacco or alcohol to ensure that the person purchasing the tobacco or alcohol is the proper age. Likewise, it is the duty of the person providing the piercing to request identification and verify that the person requesting the piercing is 18 years of age or older. Sparks' conviction stems from the fact that he did not verify that Barber was, in fact, 18 years old. The trial court did not err in denying Sparks' motion for a directed verdict of acquittal.

---

[4] See OCGA §§ 3-3-23; 16-12-171.

*Judgment affirmed. Barnes, C. J., and Phipps, J., concur.*

DECIDED JUNE 23, 2008.

*Mary Erickson*, for appellant.
*Donald E. Moore, Solicitor-General*, for appellee.