This case arises out of an attack by a dog — a pit bull — on Clarence Rice. The dog belonged to Carl Humphries, who, at the time of the incident, resided in a mobile home located on property owned by his parents, Herbert and Louise Humphries. Mr. and Mrs. Humphries's house was also located on the property. On the date of the attack, Mr. Rice, who worked for Suburban Gas Company, was making a requested delivery to Carl's mobile home, when the dog attacked him. Rice stated that he knew that the dog lived at the mobile home and he said he had checked the doghouse to see if the dog was there. Not seeing the dog anywhere on the premises, Rice delivered the gas and was going to the front door to leave the bill when the dog jumped out of a chair on the porch and knocked him backward. As Rice fell, one of his legs buckled under him and he suffered a fractured leg. He also broke one of his wrists in the fall. He testified that the dog was *Page 976 
on a cable, which he was able to grab following his fall, and that his grabbing the cable kept the dog from biting him.
He sued Carl Humphries and Carl's parents, pursuant to §3-6-1, Code of Alabama 1975; he also claimed that they were guilty of negligence. Mr. Rice's wife also sued, alleging loss of consortium. The trial court dismissed Carl's father; however, the claims against Carl and his mother were sent to the jury on both theories. The jury returned verdicts in the amount of $350,000 in favor of Mr. Rice and $40,000 in favor of Mrs. Rice for loss of consortium. Carl Humphries did not appeal; however, Mrs. Humphries appeals the verdict against her, arguing that the trial court erred in denying her motion for a directed verdict and her motion for j.n.o.v.
Section 3-6-1, Code of Alabama (1975), reads as follows:
 "If any dog shall, without provocation, bite or injure any person who is at the time at a place where he or she has a legal right to be, the owner of such dog shall be liable in damages to the person so bitten or injured, but such liability shall arise only when the person so bitten or injured is upon property owned or controlled by the owner of such dog at the time such bite or injury occurs or when such person has been immediately prior to such time on such property and has been pursued therefrom by such dog."
(Emphasis added). The language of the statute clearly indicates that the owner of the dog can be held liable for injuries caused by the dog. Nothing in the statute indicates that anyone other than the owner can be held liable pursuant to the statute. It is clear from the record in this case that Mrs. Humphries was not the owner of the dog that attacked Mr. Rice. Carl Humphries, although he lived on his parents' property, maintained a separate residence. He paid his own bills and he had the responsibility for feeding and maintaining his dog. None of the evidence offered showed that Mrs. Humphries had assumed any ownership responsibilities regarding the dog.
The Rices argue that while Mrs. Humphries was not the owner of the dog, she was the "keeper" of the dog and that, therefore, the statute should apply to her. First, the statute is unambiguous in its meaning. It does not state that the "owner or keeper" of a dog that attacks someone will be held liable pursuant to the statute. The legislature could easily have inserted the words "or keeper" had it intended to extend the statutory liability beyond the boundaries of actual ownership. It chose not to do so.
 "There has been no marked change in the law in this area over the years. Since 1953, however, Alabama victims of dog attacks, in certain instances, have had the option of proceeding under a statute imposing liability on owners of dogs biting or injuring persons. Code 1975, §§ 3-6-1 to 3-6-4. Under those statutes, the injury must occur upon the property owned or controlled by the dog's master, or after the victim leaves this property and is immediately pursued therefrom by the dog. Additionally, the statute shifts the burden of proof of scienter. If the defendant is able to prove that he had no knowledge of his dog's vicious propensities, he will be liable only to the extent of the expenses actually incurred by the person so injured."
Rucker v. Goldstein, 497 So.2d 491, 493 (Ala. 1986). (Emphasis added.) We refuse to extend the statute to encompass anyone other than the owner of the dog. Therefore, in our opinion, the only theory under which Mrs. Humphries could have been found liable would be the common law theory of negligence.
We have stated:
 "As noted previously, . . . under the common law, scienter on the part of the owner must be alleged and proved by the plaintiff. The crucial issue is 'whether the owner knows, or had reason to know, of the animal's dangerous propensities.' Allen v. Whitehead, 423 So.2d 835 (Ala. 1982). If the plaintiff fails to meet the burden of proof, the defendant is not liable." *Page 977 
Id. The record indicates that the dog in this case had been known to fight with other dogs and had killed one dog during a fight. The only other evidence of the alleged "dangerous propensities" of the dog was the fact that the dog could, with his jaw, grasp a part of a tire hanging from a tree and hang there for approximately five minutes. All other evidence offered by the Rices concerned the propensities of the particular breed of American pit bull and the fact that it was generally bred to be a fighting dog. There was no evidence offered tending to show that the dog in question had seriously attacked or attempted to attack a human; however, there was evidence indicating that Mrs. Humphries had petted the dog on occasions and that her grandchildren had been around the dog and had suffered no harm from the dog.
With regard to a common law negligence case such as this one, we have written the following:
 "Recently, this court summarized the elements necessary to impose liability in dogbite cases:
 " ' "[The Court of Appeals] in Kershaw v. McKown, 12 Ala. App. 485, 68 So. 559 (1915), reiterated the common law rule that the owner of a dog is not liable for acts of the dog unless the owner had knowledge of the vicious propensities of the dog that resulted in the injury complained of. . . . This Court held in Owen v. Hampson, 258 Ala. 228, 62 So.2d 245
(1952), that the common law rule was still applicable in Alabama. The most recent case is Reddett v. Mosley, 45 Ala. App. 38, 222 So.2d 369
(1969), wherein the Court of Civil Appeals stated: 'The rule is one of . . . notice and requires proof of the defendant's knowledge (actual or imputed) of the domestic animal's dangerous propensity as a sine qua non in the elements of the claimed negligence.' 45 Ala. App. at 40, 222 So.2d at 370.
" ' "* * * *
 " ' "Appellant cites Owen v. Hampson, in which this Court, quoting from a previous opinion, stated:
 " ' "Previous knowledge of the animal's vicious habits must be alleged and proved. But positive proof is not always necessary. It may be inferred from the circumstances. But the knowledge of the vicious habits of an animal need not refer to circumstances of exactly the same kind. All that the law requires to make the owner or keeper liable is knowledge of facts from which he can infer that the animal is likely to commit an act of the kind complained of.' " '
"White v. Law, 454 So.2d 515 (Ala. 1984).
 "Here, the only evidence presented at trial relating to the vicious propensities of this animal was that the animal would fight with other dogs. The father of the child bitten admitted that he had observed the dog in question 'a couple of hundred times' but had never before seen it attack a person and admitted that he did not know of any such incident involving the dog prior to this incident. The trial court was authorized to find from the evidence that the dog's prior actions were insufficient to place Sims on notice or give him any reason to know of the dog's dangerous propensities. Consequently, we will affirm the trial court's finding that the owner of the dog was not liable for the injury if the case was tried on the theory of common law liability for negligence."
Kent v. Sims, 460 So.2d 144, 146-47 (Ala. 1984). (Emphasis original.)
In order for Mrs. Humphries to be liable under the theory of common law negligence, she not only must have known of the vicious propensities of the dog, but also must be considered the owner or keeper of the dog in question. As indicated above, the record is devoid of evidence tending to show ownership; therefore, the Rices' only avenue toward recovery is to show that Mrs. Humphries was the keeper of the dog. We find that there was not sufficient evidence to indicate that she was the dog's keeper. There is simply no evidence of record showing that Mrs. Humphries undertook any responsibilities with regard to the dog. There was no evidence that she cared for the dog; there was evidence *Page 978 
that the dog was not allowed to roam freely over her property. Instead, it was kept on a cable near the mobile home where her son resided. The Rices failed to show that Mrs. Humphries was a keeper of the dog; therefore, the judgment against her is hereby reversed and a judgment is rendered for Mrs. Humphries.
Although it is not determinative of the result reached in this case, for the benefit of the bench and bar we hereby adopt the view that, from the date of the release of this opinion, an owner or keeper of an animal will be charged with knowledge of the propensities of the breed of animal he or she owns. We hereby adopt the following language from Justice Jones's dissenting opinion in Coley v. Hendrix, 508 So.2d 216, 217
(Ala. 1987):
 "Other jurisdictions, in resolving the issue with which we are now faced, have held that the owner of a domestic animal is assumed to know the animal's general propensities and, therefore, is under a duty to use due care to prevent injury from the animal's reasonably anticipated behavior. Griner v. Smith, 43 N.C. App. 400, 259 S.E.2d 383
(1979). It has been held that evidence of a domestic animal's 'vicious traits' is unnecessary when that animal has acted in accordance with its natural tendencies. Such action is reasonably foreseeable and, therefore, requires preventive control of the animal. Saldi v. Brighton Stock Yard Co., 344 Mass. 89, 181 N.E.2d 687 (1962). The general rule is aptly stated at 4 Am.Jur.2d Animals
§ 86 (1962) at 332, and § 90, at 337:
"§ 86:
 " '[T]he owner or keeper of a domestic animal is bound to take notice of the general propensities of the class to which it belongs, and also of any particular propensities peculiar to the animal itself of which he has knowledge or is put on notice; and insofar as such propensities are of a nature likely to cause injury he must exercise reasonable care to guard against them and to prevent injuries which are reasonably to be anticipated from them. . . .'
" § 90:
 " 'Even in the absence of any known viciousness in a domestic animal, its owner is obliged to exercise over it a certain degree of care depending upon the kind and character of the particular animal concerned, the circumstances in which it is placed, and the purposes for which it is employed or kept. The owner of keeper of a domestic animal is charged with knowledge of the natural propensities of animals of the particular class to which this animal belongs, and, if these propensities are of the kind that might cause injury he must exercise the care necessary to prevent such injuries as may be anticipated.'
 "See, also, Mungo v. Bennett, 238 S.C. 79, 119 S.E.2d 522 (1961); Pennyan v. Alexander, 229 Miss. 704, 91 So.2d 728 (1957); Loftin v. McCrainie, 47 So.2d 298 (Fla. 1950)."
(Emphasis original.)
REVERSED AND JUDGMENT RENDERED.
HORNSBY, C.J., and MADDOX, ALMON, SHORES, HOUSTON, STEAGALL, KENNEDY and INGRAM, JJ., concur.