A95A1698. TILLER v. THE STATE.
(461 SE2d 572)

SMITH, Judge.

John Tiller was convicted of seven counts of cruelty to animals.

1. Tiller makes various arguments in support of his contention that the evidence was insufficient to support verdicts of guilty and that the trial court erred in denying his motion for directed verdicts on all counts.

The charges stem from Tiller's treatment of horses on his farm in Barrow County. He first argues that unlike drug cases, being in "possession" of neglected, suffering animals is not a crime. He asserts that even assuming the horses were neglected, the State failed to show he was responsible for that neglect since no evidence was introduced establishing that he owned the property or the horses. This argument is specious.

Tiller himself testified that he owned the farm where the horses were found. He also testified that he "raised" the horses and stated several times that he purchased some of the horses in issue or traded other horses for them.

Moreover, neither ownership of the property on which the animals are found nor ownership of the animals is a material element of the offense. OCGA § 16-12-4 (a) provides that cruelty to animals is committed when one's "act, omission, or neglect causes unjustifiable physical pain, suffering, or death to any living animal." The evidence shows without question that Tiller was responsible for the care and feeding of the horses. Therefore, if the State established that the horses were neglected and were suffering, the necessary elements were proved.

Tiller also argues the State did not prove that the animals were neglected or treated improperly. On the contrary, the State estab-

lished that the horses were not fed properly and were denied essential medical treatment. Animal control officers testified the horses were so thin that their ribs and other bones could be seen. A veterinarian testified the horses either were not being fed or had a condition that caused them to lose weight, such as unchecked parasites. They were malnourished and anemic. The pastures on which the horses were kept had no grass for grazing, and no other food was present. Some horses were attempting to eat twigs and bark. Even accepting Tiller's testimony that he purchased feed for the horses, he admitted he had not purchased enough to feed them at the recommended rate. In addition, the horses' hooves were in poor condition, and some had other conditions requiring medical attention. A veterinarian testified that the animals suffered pain because of their maltreatment. The elements of the offense were therefore established.

A directed verdict is proper only when there is no conflict in the evidence and the evidence demands a verdict of acquittal as a matter of law. *Riden v. State*, 213 Ga. App. 17 (1) (443 SE2d 865) (1994). On appeal, we must consider the evidence in the light most favorable to the verdict. Id. at 18 (1). Viewed in this manner, the evidence was sufficient to authorize the jury to find Tiller guilty beyond a reasonable doubt of seven counts of cruelty to animals under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). The trial court did not err in denying Tiller's motion for directed verdict.

2. Tiller contends the trial court's charge confused the jury because it failed to indicate that the jury should consider each charge separately and could return "a mixture of guilty and not guilty verdicts." We have examined the charge and find that it clearly conveyed this instruction to the jury. In addition, when the State expressed some doubt regarding this point the trial court recharged the jury, specifically informing the jury that it could fill in on the verdict form what it decided on each separate count. The charge was sufficiently clear that the jury would have understood it was dealing with separate counts. *Heard v. State*, 177 Ga. App. 802, 804 (4) (341 SE2d 459) (1986). This enumeration is without merit.

3. Contrary to Tiller's contention, the trial court did not err in admitting a videotape depicting the horses' condition and that of the pasture when the horses were seized. The State laid a proper foundation for admission of the tape, showing that it fairly and accurately depicted the horses and the scene. It is axiomatic that the purpose of evidence is to persuade. Without more, the mere fact that certain evidence may be highly effective in persuading a jury is not a sufficient basis for excluding it. Although we can agree with Tiller that the tape may have "inflamed" the jury, it was relevant to the jury's consideration of the charged crimes. Photographs that are material and rele-

vant to any issue are admissible even though they may inflame the jury. *Leavitt v. State*, 264 Ga. 178, 180 (7) (442 SE2d 457) (1994).

*Judgment affirmed. Birdsong, P. J., and Johnson, J., concur.*

DECIDED AUGUST 25, 1995.

L. Scott McLarty, for appellant.

Timothy G. Madison, District Attorney, Hillary M. Krepistman, Robin R. Riggs, Assistant District Attorneys, for appellee.