THIGPEN, Judge.
This case involves the entry of a summary judgment in favor of a landlord.
In August 1994, Jonathan C. Scott, individually and as the father and next friend of Danielle Scott, a minor (hereinafter collectively referred to as Scott), sued William J. Donkel III and others (Donkel), alleging negligence. Scott sought damages for injuries to Danielle Scott resulting from an attack by a dog that was kept on property owned by Donkel and leased to William Beasley. Scott alleged, among other things, that Danielle was attacked by a dog at or near Donkel’s property, and that, as a result of the attack, she had suffered severe personal injuries and medical expenses, and that she would continue to incur medical expenses in the future. Scott alleged that Donkel, as the landlord, had the right to inspect the premises and terminate Beasley’s lease agreement, and that Donkel had known, or should have known, that the dog had vicious propensities. Donkel denied the allegations and asserted numerous affirmative defenses.
In December 1994, Donkel filed a motion for a summary judgment with supporting documentation, contending that there was no genuine issue of material fact and that he was entitled to a judgment as a matter of law. Donkel contended, among other things, that he had had no prior knowledge of the dog’s propensity to cause harm. Thereafter, Scott filed a brief, with supporting documentation, to oppose Donkel’s motion. In January 1995, the trial court entered a summary judgment in favor of Donkel. Scott appealed to the Supreme Court, which transferred the ease to this court pursuant to Ala.Code 1975, § 12-2-7.
A motion for summary judgment tests the sufficiency of the evidence and *743 should be granted “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Rule 56(e)(3), A-R.Civ.P. The moving party bears the burden of negating the existence of a genuine issue of material fact. Melton v. Perry County Board of Education, 562 So.2d 1341 (Ala.Civ.App.1990).
“In determining whether the movant has carried that burden, the court is to view the evidence in a light most favorable to the nonmoving party and to draw all reasonable inferences in favor of that party. To defeat a properly supported summary judgment motion, the nonmoving party must present ‘substantial evidence’ creating a genuine issue of material fact — ‘evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’”
Capital Alliance Insurance Co. v. Thorough-Clean, Inc., 639 So.2d 1349, 1350 (Ala.1994) (citations omitted). Additionally, in reviewing the disposition of a summary judgment motion, this court utilizes the same standard as the trial court. ANCO TV Cable Co. v. Vista Communications Limited Partnership I, 631 So.2d 860 (Ala.1993).
The record reveals the following pertinent facts. In November 1993, Danielle was attacked by a dog while walking down the street in front of a house owned by Donkel, and rented on a month-to-month basis to Beasley, who allowed others to reside with him and to keep the dog there. The dog was ordinarily kept in a fenced enclosure; however, at the time of the attack, the dog was roaming freely on the street in front of Donkel’s rental house.
Donkel testified by deposition that he had had no knowledge of any prior attacks or bites by the dog, and that he was not aware that a dog was kept on the property. He stated that he had not received any complaints about a dog, and that Beasley, the tenant, had not requested his permission to have a dog on the premises.
William Carmichael, who was staying in the house with Beasley and others during this time, was the one who kept the dog. Carmichael testified that he had never requested Donkel’s permission to keep the dog at the house, and that he did not think that Donkel even knew the dog was on the property. Carmichael testified that ordinarily the dog was kept chained inside the fenced enclosure. Carmichael also testified that his mother and his sister, the dog’s owner, knew that the dog had previously bitten someone.
We have found no Alabama case specifically addressing a landlord’s duty of care that is owed to a nontenant for a dog attack that occurs off of the landlord’s premises. In a factually similar case, however, our Supreme Court has held that a property owner, who had not assumed any responsibility for a dog that he or she did not own, was not the dog’s keeper and could not be held liable under a negligence theory for an attack by the dog. Humphries v. Rice, 600 So.2d 975 (Ala.1992). That court stated:
“There is simply no evidence of record showing that [the property owner] undertook any responsibilities with regard to the dog. There was no evidence that [the property owner] cared for the dog; there was evidence that the dog was not allowed to roam freely over [the property owner’s] property.”
Humphries, 600 So.2d at 977.
Scott first contends that the summary judgment was improper because, he argues, Donkel breached his duty to use ordinary care to remove a dangerous condition from his property to prevent injury to people on the adjacent street and sidewalk. Scott cites Gentle v. Pine Valley Apartments, 631 So.2d 928 (Ala.1994), to support his contention that Donkel is liable because he failed to inspect and control the premises and to require the tenants to remove the dog. Our review of that case, however, discloses factual distinctions from the case at bar. Gentle addressed a landlord’s duty to use reasonable care to protect its tenants from attacks in the “common areas” of the premises. Noting that an injured party’s failure to prove that the owner of the premises had notice of the dangerous condition precluded recovery on a negli *744 gence claim, our Supreme Court stated “that the presence of a tenant’s vicious dog in areas shared by other tenants constitutes a ‘dangerous condition’ and that a landlord must exercise reasonable care to prevent injuries from such a dangerous condition.” Gentle, 631 So.2d at 934. In the instant case, the attack occurred in a public street near a rental house and not in a common area of a multi-unit dwelling.
Scott also argues that Donkel owed a duty to prevent an attack on the sidewalk and street adjacent to the rental property, citing Bradford v. Universal Construction Co., 644 So.2d 864 (Ala.1994); again, a review of that case reveals it to be distinguishable. There, our Supreme Court stated that “[ojrdinary care requires that the owner ‘do no affirmative act that will create an unsafe condition in the public way fronting his property.’ ” Bradford, 644 So.2d at 866. (Emphasis added.) There is no allegation of any affirmative act by Donkel.
Scott further contends that a genuine issue of material fact existed as to whether Donkel had prior knowledge of the dog’s presence at the rental house, and prior knowledge of the dog’s vicious nature. Scott argues that his own affidavit establishes that Donkel had prior knowledge regarding a dangerous condition caused by the dog’s viciousness. Our Supreme Court has stated that “notice to the premises owner, whether direct or imputed, of the dangerous condition is the sine qua non of liability.” Gentle, 631 So.2d at 936. Scott’s affidavit does not present substantial evidence that Donkel knew of the dangerous propensities of the dog, or that Donkel knew that the dog had attacked anyone on a prior occasion. Thus, Scott did not rebut Donkel’s prima facie showing that he was entitled to a judgment as a matter of law.
Scott also argues that a genuine issue of material fact exists regarding whether Donk-el was a “person in charge” of the dog, and therefore, subject to liability pursuant to a local ordinance. The Mobile City Code, § 7-65, addresses the duty to restrain dogs, and states, in pertinent part, that “[i]t shall be unlawful for the owner or person in charge of any dog to fail to keep the animal under effective restraint.” The record simply fails to indicate substantial evidence to support the contention that Donkel, as the landlord, was responsible for the effective restraint of the dog. Humphries, 600 So.2d 975.
Once Donkel made a prima facie showing that there was no genuine issue of material fact and that he was entitled to a judgment as a matter of law, the burden shifted to Scott, who had failed to present substantial evidence creating the existence of a genuine issue of material fact. Accordingly, the court properly entered the summary judgment for Donkel. That judgment is due to be, and it is hereby, affirmed.
We note the severity of the child’s injuries resulting from the brutal attack, and we are not unsympathetic with Scott’s claim. While this result may seem harsh, we note that Scott received favorable judgments against other defendants.
AFFIRMED.
ROBERTSON, P.J., and YATES, MONROE, and CRAWLEY, JJ., concur.