ROBERTSON, Presiding Judge.
Kevin Wright, a minor proceeding by and through his mother, Judy Wright, and Judy Wright in her individual capacity (“the Wrights”) appeal from a summary judgment in favor of Calvin Reid Construction Company, Inc., and Dennis Reid (collectively, “the defendants”) on their claims of common law negligence arising from an incident wherein a dog owned by Dennis Reid and located on property owned or controlled by the defendants attacked and injured Kevin Wright. We affirm in part, reverse in part, and remand.
The Wrights filed a complaint in the Jefferson County Circuit Court against the defendants alleging, inter alia, that Kevin was attacked and mauled by a dog owned by one or both of the defendants while Kevin was on premises owned or controlled by the defendants. The Wrights claimed that the defendants knew or should have known that the dog that attacked Kevin was dangerous or that the dog was of an inherently dangerous breed.
After answering the complaint, the defendants moved for a summary judgment. In support of their motions, the defendants submitted deposition excerpts indicating that the Wrights were without any evidence at the time of deposition that “Nicki,” the dog that bit Kevin, had ever bitten anyone else, had ever acted in an aggressive manner, or had ever been a cause for complaints to the defendants. The Wrights filed a response to the defendants’ motions, contending that under present Alabama law, an owner or keeper of a dog need not be aware of any prior vicious tendency of his or her dog to be liable for its conduct, and that an owner is charged as a matter of law with knowledge of the general character of dogs of the same breed as his or her dog. The Wrights further asserted that because the defendants had not made an affirmative showing that “Nieki’s” breed of dog was not inherently dangerous, the defendants were not entitled to summary judgment. The record indicates that “Nicki” was of the Akita breed; the name Akita, taken from the name of the Japanese prefecture where it was originally bred, denotes “any of a breed of large, powerful dog with a thick coat, erect ears, and a bushy, curled tail.” Webster’s New World Dictionary of the American Language, “Akita” (2d Collegiate ed.1986).
The trial court granted the defendants’ motions with respect to the defendants’ common-law liability to the Wrights, opining that it could not “take notice from the general propensities” that the breed of dog to which “Nicki” belonged is inherently dangerous and concluding that no genuine issue of material fact existed. However, the trial court denied the summary judgment motions with respect to the defendants’ potential liability under Ala.Code 1975, § 3-6-1 et seq., and those theories are not before this court. The trial court entered a partial summary judgment in favor of the defendants as to their common-law liability, and directed the entry of a final judgment with respect to those theories of recovery, pursuant to Rule 54(b), Ala. R.Civ.P. The Wrights appealed from this judgment to the Supreme Court of Alabama; pursuant to § 12-2-7(6), Ala.Code 1975, that court transferred the appeal to this court.
Our review of the propriety of the summary judgment is governed by Berner v. Caldwell, 543 So.2d 686 (Ala.1989), in which our Supreme Court stated:
“The standard used to determine the propriety of granting a motion for summary judgment is found in A-R.Civ.P. 56(c):
“‘The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.’
“The burdens placed on a party by this rule have often been discussed by this Court:
“‘The burden is on one moving for summary judgment to demonstrate that no genuine issue of material fact is left *57 for consideration by the jury. The burden does not shift to the opposing party to establish a genuine issue of material fact until the moving party has made a prima facie showing that there is no such issue of material fact. Woodham v. Nationwide Life Ins. Co., 349 So.2d 1110 (Ala.1977); Shades Ridge Holding Co. v. Cobbs, Allen & Hall Mortg. Co., 390 So.2d 601 (Ala.1980); Fulton v. Advertiser Co., 388 So.2d 533 (Ala.1980).’
“Schoen v. Gulledge, 481 So.2d 1094, 1096-97 (Ala.1985).”
Our Supreme Court held in Humphries v. Rice, 600 So.2d 975 (Ala.1992), that “an owner or keeper of an animal will be charged with knowledge of the propensities of the breed of animal he or she owns.” 600 So.2d at 978 (emphasis added).
In this case, the Wrights’ complaint alleges that Kevin was attacked and mauled by a dog, that one or more of the defendants owned the dog, and that the dog was of an inherently dangerous breed. Pursuant to Humphries, supra, these allegations state a cause of action sounding in common law negligence in Alabama (see Rucker v. Goldstein, 497 So.2d 491, 493 (Ala.1986)), and were sufficient to withstand a motion to dismiss.
Therefore, under Berner, the defendants in this case (i.e., the summary judgment movants) bore the burden of showing material facts entitling them to a judgment as a matter of law. In support of their motions for summary judgment, the defendants relied solely upon excerpts from the transcribed deposition testimony of the Wrights.[1] These excerpts pertain only to the question of whether the defendants knew or should have known, as a factual matter, whether the particular dog in question had exhibited prior vicious propensities before it bit Kevin.
After our supreme court’s opinion in Hum-phries, knowledge of the proclivities of one particular specimen of a breed of dog is not the sole issue in a dogbite case. Admittedly, the defendants’ evidentiary submissions shifted the burden to the Wrights to establish, by substantial evidence, the existence of a genuine issue of material fact concerning the defendants’ knowledge of the prior vicious propensities of the particular dog that bit Kevin. The Wrights failed to meet this burden, and the summary judgment was correctly entered to this extent.
However, as the Wrights contend on appeal, the defendants’ submissions did not shift the burden to the Wrights of adducing substantial evidence as to whether Akitas as a breed possess violent, aggressive, or inherently dangerous propensities; indeed, there was absolutely no evidence before the trial court concerning this issue. Under Berner and Humphries, the trial court incorrectly entered the summary judgment to the extent that the Wrights, as nonmovants, were penalized for failing to undertake the burden of adducing substantial evidence that Akitas as a breed are dangerous.
Moreover, Gentle v. Pine Valley Apts., 631 So.2d 928 (Ala.1994), relied upon by the defendants, does not require affirmance of the summary judgment. In Gentle, the court affirmed a partial summary judgment in favor of an apartment complex and a property management company in a premises liability action on the basis that the plaintiff dogbite victim had failed to present substantial evidence that a chow-spitz crossbreed was an inherently dangerous breed. However, there is no mention in Gentle of the nature or quality of the evidence submitted by the moving defendants in that case to shift the burden to the plaintiff to adduce positive evidence tending to show dangerousness of a chow-spitz crossbreed. As Gentle does not overrule, or even mention, Berner’s holding that a summary judgment movant has the *58 initial burden of showing material facts entitling him or her to a judgment as a matter of law, the logical conclusion is that the defendants in that case fulfilled Berner’s requirements by adducing substantial evidence that a chow-spitz crossbreed is not inherently dangerous. Here, the defendants have clearly not met the burden of showing that an Akita is not an inherently dangerous breed, a genuine issue of material fact in this case; consequently, the summary judgment was improperly entered to that extent.
Based upon the foregoing facts and authorities, we affirm the summary judgment as it pertains to the defendants’ common law liability to the Wrights based upon their alleged actual knowledge of “Nicki’s” prior vicious propensities. We reverse the summary judgment as it pertains to the defendants’ common law liability based upon their imputed knowledge of the propensities of Akitas as a breed, and remand the cause for further proceedings.
We note that the decisions of the Alabama Supreme Court govern the decisions of the Alabama Court of Civil Appeals. § 12-3-16, Ala.Code 1975. Consequently, this court must follow the supreme court’s decision in Humphries, supra, under which the propensities of the breed of a dog in a dogbite case is an issue of material fact.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
YATES, J., concurs.
MONROE, J., concurs in the result.
CRAWLEY and THOMPSON, JJ„ concur in part and dissent in part.

. While both motions for summary judgment refer to two "exhibits” to the motion consisting of excerpts from Dennis Reid’s interrogatory answers, neither of these “exhibits” was ever attached to the defendants’ motions, and there is no indication that they were supplied to the trial court. According to the defendants' brief, Dennis Reid’s interrogatory answers would establish that the dog in question had never previously bitten anyone, was “unaggressive,” and had received obedience training only.