**Cecilla E. STROMAN, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 05–CM–392.

District of Columbia Court of Appeals.

Submitted July 19, 2006.

Decided Aug. 3, 2006.

Glen Franklin Koontz, Martinsburg, WV, appointed by the court, was on the brief for appellant.

Kenneth L. Wainstein, United States Attorney, and Roy W. McLeese III, Elizabeth Trosman, Youli Lee, and Amy H. Zubrensky, Assistant United States Attorneys, were on the brief for appellee.

Before KRAMER, Associate Judge, and KERN and NEBEKER, Senior Judges.

NEBEKER, Senior Judge:

Appellant was convicted of two counts of cruelty to animals in violation of D.C.Code § 22–1001 (2001). On appeal, she challenges the sufficiency of the evidence, claiming the government failed to conclusively prove ownership of the dogs. We affirm.

The record reflects that Officer Brown, of the Washington Humane Society, received a phone call that two dogs were in poor condition. When she arrived at the reported address, appellant opened the door. Once inside the home, Officer Brown noticed two pit bulls inside a crate in the living room. The crate also contained trash, newspaper, food or vomit, and fecal matter. The dogs were emaciated and both had several open sores or wounds on their legs and tails. When Officer Brown asked appellant if she owned the dogs, she first responded "yes" and later stated that she and her son owned the dogs. Appellant also stated that she thought the dogs were fine, and showed the officer that she kept dog food in the house.

At trial Dr. Phillip, a local veterinarian, testified that the dogs were malnourished and that their injuries were likely the result of the dirty condition of the crate. He

also noted that the dogs' poor condition was clearly visible.

In contrast, appellant and her son both testified that the dogs did not belong to them but rather the dogs belonged to a friend of the family, Sean. At some point, appellant's son had discovered the dogs roaming the alley and decided to keep the dogs at his mother's house until Sean came to pick them up. He claimed that he and appellant occasionally fed the dogs, acknowledging that the dogs looked hungry. Neither he nor appellant believed that the dogs required medical attention because the cuts were not bleeding. Both appellant and her son denied seeing any vomit or fecal matter inside the dogs' crate.

The trial court rejected the defense theory, noting that appellant's statements to the officer and her possession of the dog crate belied her contention that she was temporarily watching the dogs for a friend. Accordingly, the court found appellant guilty as charged.

### Analysis

Appellant contends that the government failed to prove that she was the owner of the dogs, and, consequently, there was insufficient evidence to convict her under the statute. D.C.Code § 22–1001, however, provides:

> [W]hoever, having the charge or custody of any animal, either as owner or otherwise, knowingly inflicts unnecessary cruelty upon the same, or unnecessarily fails to provide the same with proper food, drink ... shall ... be punished....

Here, the information charged appellant with "having charge or custody" of the animals so the issue raised on appeal, ownership, is of no relevance. Appellant's admissions to police and her possession of the dog crate, located in the center of her living room, and dog food suffice to show "custody" under the statute. As the government's brief points out, while there is scant case law dealing with § 22–1001, other jurisdictions, under somewhat similar statutory proscriptions, have recognized that either ownership or custody can be a predicate for a cruelty conviction, *see Tiller v. Georgia*, 218 Ga.App. 418, 461 S.E.2d 572, 573 (1995); *State v. Tolliver*, 2005 WL 737090, 2005 Tenn.Crim.App. LEXIS 316 (April 1, 2005), and our statute clearly so provides. Taking into account the trial court's prerogative to make credibility determinations and the stringent standard of review, *Mihas v. United States*, 618 A.2d 197, 200 (D.C.1992), there is more than ample proof to sustain appellant's conviction. Accordingly, the judgment is

*Affirmed.*