THOMAS, Judge.
 

 Garry Lynn Stephens appeals from a summary judgment of the Baldwin Circuit Court determining that no genuine issue of material fact existed as to whether James Harris violated § 3-1-5, Ala.Code 1975.
 

 Facts and Procedural History
 

 Stephens was driving his motorcycle when he collided with a dog. The dog was chasing a car on the left side of the road when it ran in front of Stephens. Stephens was thrown from the motorcycle and slid down the roadway. The dog was killed and Stephens sustained injuries in the collision. Harris arrived at the scene and removed the dog from the roadway. Harris told the state trooper on the scene that the dog belonged to him.
 

 Stephens sued Harris and his ex-wife, Carolyn Harris, alleging that the Harrises were negligent and wanton for allowing the dog to roam away from their property in violation of § 3-1-5. Harris filed a motion for a summary judgment, claiming that he was not negligent because Carolyn owned the dog.
 
 [1]
 
 The trial court entered a summary judgment in favor of Harris. Stephens appealed to our supreme court, which transferred this case to this court pursuant to § 12-2-7(6), Ala.Code 1975.
 

 Issues
 

 Stephens presents one issue on appeal: whether there is a genuine issue of material fact as to whether Harris owned or had charge of the dog at the time of the accident.
 

 Standard of Review
 

 “
 
 ‘We apply the same standard of review the trial court used in determining whether the evidence presented to the trial court created a genuine issue of material fact. Once a party moving for a summary judgment establishes that no genuine issue of material fact exists, the burden shifts to the non-movant to present substantial evidence creating a genuine issue of material fact. “Substantial evidence” is “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” In reviewing a summary judgment, we view the evidence in the light most favorable to the nonmovant and entertain such reasonable inferences as the jury would have been free to draw.’ ”
 

 American Liberty Ins. Co. v. AmSouth Bank,
 
 825 So.2d 786, 790 (Ala.2002) (quoting
 
 Nationwide Prop. & Cas. Ins. Co. v. DPF Architects, P.C.,
 
 792 So.2d 369, 372 (Ala.2000)).
 

 Analysis
 

 In his motion for a summary judgment, Harris contended that he did not
 
 *1073
 
 owe Stephens a duty upon which a claim of negligence or wantonness could be based. Stephens argues that Harris violated § 3-1-5, which gives rise to a duty to confíne one’s dog to one’s premises, and is negligent per se. Thus, we first look to the standard for negligence per se and then to whether Harris violated § 3-1-5. The standard for negligence per se is set forth in
 
 Proctor:
 

 “
 
 ‘Violation of statutes or ordinances may be negligence.
 
 Vines v. Plantation Motor Lodge,
 
 336 So.2d 1338 (Ala.1976). If the statute or ordinance violated was enacted or promulgated for the protection of the person claiming to have been injured by reason of the violation, the violation of the statute may be negligence per se or negligence as a matter of law.
 
 Allman v. Beam,
 
 272 Ala. 110, 130 So.2d 194 (1961).’ ”
 

 Proctor v. Classic Auto., Inc.,
 
 20 So.3d 1281, 1287 (Ala.Civ.App.2009)(quoting
 
 Keeton v. Fayette County,
 
 558 So.2d 884, 887 (Ala.1989)). Section 3-1-5 provides, in pertinent part:
 

 “(a) Every person owning or having in charge any dog or dogs shall at all times confine such dog or dogs to the limits of his own premises or the premises on which such dog or dogs is or are regularly kept. Nothing in this section shall prevent the owner of any dog or dogs or other person or persons having such dog or dogs in his or their charge from allowing such dog or dogs to accompany such owner or other person or persons elsewhere than on the premises on which such dog or dogs is or are regularly kept. Any person violating this section shall be guilty of a misdemeanor and shall be fined not less than $2.00 nor more than $50.00.”
 

 A review of the evidence in the record discloses a genuine issue of material fact as to whether Harris owned the dog or had charge of the dog at the time of the accident. Harris both admitted and denied he owned the dog. In his deposition, Harris admitted that he had told the state trooper “that’s my dog.” Harris contends that this statement to the state trooper was false. Harris explained in his deposition that Carolyn was about to take a test and that Harris did not want to tell her the dog was dead.
 

 Harris points to other evidence contained in the record to support his argument that the evidence presented was insufficient to overcome his motion for a summary judgment. Harris points to the divorce agreement stating that his ex-wife, Carolyn, was awarded “all assets presently titled in her name.” Harris further relies on veterinary records, which list Carolyn as the owner of the dog. Taken together, Harris argues, those documents establish that the dog was an asset titled in Carolyn’s name.
 

 Viewing the evidence in the light most favorable to Stephens, however, a reasonable juror could place more emphasis on Harris’s admission of ownership, instead of a convenient explanation and denial, and infer that Harris owned the dog. The veterinary records do not necessarily negate the statement Harris made at the scene of the accident. Thus, a genuine issue of material fact exists as to whether Harris owned the dog.
 

 Evidence creating a genuine issue of material fact also exists as to whether Harris was in charge of the dog at the time of the accident. Harris’s deposition testimony indicates that he undertook responsibilities regarding the dog. Harris regularly fed the dog and paid for its food. Harris’s children cared for the dog, under his direction. Similar facts have been used to evaluate whether a property owner is considered the keeper of a dog.
 
 See Humphries v. Rice,
 
 600 So.2d 975, 977
 
 *1074
 
 (Ala.1992) (finding that a property owner who did not take any responsibilities with regard to the dog could not be considered a keeper of the dog). Furthermore, courts in other jurisdictions have taken a similar approach in defining a dog keeper.
 
 See Stroman v. United States,
 
 905 A.2d 194, 195 (D.C.2006) (“[ajppellant’s admissions to the police [that she owned the dog] and her possession of the dog crate, located in the center of her living room, and dog food suffice[d] to show ‘custody ”).
 

 Under the rationale of
 
 Humphries,
 
 jurors would be free to evaluate the evidence presented to determine whether Harris was in charge of the dog at the time of the accident. The evidence that Harris kept the dog on his property and that he purchased the dog food and regularly fed the dog must be viewed in the light most favorable Stephens. So viewed, a reasonable juror could evaluate the evidence and infer that Harris was in charge of the dog.
 

 There are genuine issues of material fact as to whether Harris owned the dog and as to whether Harris had charge of the dog. Thus, a jury could infer that Hams owed Stephens a duty under § 3-1-5. Therefore, the question whether Harris violated that duty and was negligent per se is a question of fact appropriate for a jury.
 

 Stephens also alleged that Harris was wanton by not keeping the dog on his premises. “ ‘To establish wantonness, the plaintiff must prove that the defendant, with reckless indifference to the consequences, consciously and intentionally did some wrongful act or omitted some known duty.’ ”
 
 Proctor,
 
 20 So.3d at 1287 (quoting
 
 Martin v. Arnold,
 
 643 So.2d 564, 567 (Ala.1994)). Hands argued in his motion for a summary judgment only that he owed no duty to Stephens. Because we have concluded that a genuine issue of material fact exists regarding whether Harris owned or was in charge of the dog, and thus whether Harris owed a duty to Stephens, we reverse the summary judgment in favor of Harris on Stephens’s wantonness claim as well.
 

 Conclusion
 

 Because a genuine issue of material fact exists as to whether Harris was in charge of or owned the dog, the summary judgment is due to be reversed.
 

 REVERSED AND REMANDED.
 

 PITTMAN, BRYAN, and MOORE, JJ., concur.
 

 THOMPSON, P.J., concurs in the result, without writing.
 

 [1]
 

 . In the trial court, Carolyn filed a motion to stay the action pending the resolution her bankruptcy proceeding, which was granted. However, the summary judgment as it pertains to James Harris was made final pursuant to Rule 54(b), Ala. R. Civ. P.