302 Ga. 29
FINAL COPY

S17A0721. SCOTT v. THE STATE.

BOGGS, Justice.

A jury acquitted Jeremy Scott of malice murder in the shooting death of Dexter Holliday, but found him guilty of felony murder, aggravated assault, possession of a firearm during the commission of a felony, and possession of a firearm by a convicted felon.[1] His amended motion for new trial was denied, and he appeals, asserting as his sole enumeration of error that the trial court erred in its charge to the jury. For the reasons that follow, we affirm but vacate and remand to the trial court for resentencing.

---

[1] The crime occurred on December 4, 2011. On April 6, 2012, a Fulton County grand jury indicted Scott for murder, two counts of felony murder, aggravated assault, possession of a firearm during the commission of a felony, and possession of a firearm by a convicted felon. He was tried before a jury November 18-21, 2013. The jury found Scott not guilty of malice murder but guilty on all remaining counts. He was sentenced to life imprisonment without the possibility of parole for one count of felony murder; the trial court merged the remaining felony murder charge and the aggravated assault charge into the first felony murder charge. Scott was also sentenced to five years to serve, suspended, on the first firearms charge, but, as noted in Division 3, infra, the second firearms charge was improperly merged into the second felony murder charge, which was vacated by operation of law. See Malcolm v. State, 263 Ga. 369, 372-373 (5) (434 SE2d 479) (1993). Scott's amended motion for new trial was denied on July 5, 2016, his notice of appeal was filed on July 18, 2016, and the case was docketed in this Court for the April 2017 term. The case was submitted for decision on the briefs.

Construed to support the jury's verdict, the evidence shows that a witness, Jackson, and a passenger in his car, Varner, were driving near Underground Atlanta when Scott hailed Jackson and offered to pay for a ride to "the west side. MLK." Jackson, who knew Scott through mutual friends, drove Scott to an apartment on Auburn Avenue and then to a gas station on Martin Luther King Drive. Scott told Jackson to pull in behind a parked truck, then got out of the car and approached the truck, where the victim was standing. After Scott got into the victim's truck, Jackson heard "4, 5, 6 maybe" gunshots and saw the victim falling out of the truck. The truck rolled across the street and collided with a building. Scott then returned to Jackson's car and instructed him to drive him to Campbellton Road. After dropping Scott off and taking Varner home, Jackson told his father what had happened, and they called police. Varner, the passenger, was present throughout the incident and gave similar testimony. The gas station's video surveillance system also recorded the encounter, and the video was played for the jury twice. The medical examiner testified that, based on an examination of the victim's wounds, he was shot at least four and as many as seven times.

Scott testified at trial and stated that he and the victim were previously

incarcerated together in 2010. He claimed that the victim had arranged to purchase cocaine from him and that he entered the victim's truck to complete the sale, but instead of paying, the victim pointed a gun at him and demanded the drugs. Scott decided to try to take the gun from the victim, succeeded, and got out of the truck. He contended that he shot the victim in self-defense because the victim revved his engine, and Scott believed he was going to try to run him down with the truck.

1. Although appellant has not raised the sufficiency of the evidence in his appeal, we note that it was sufficient to support the jury's guilty verdicts under Jackson v. Virginia, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

2. In Scott's sole enumeration of error, he contends that the trial court erred in failing to instruct the jury that it should consider each charge separately. But after the trial court instructed the jury, Scott, while objecting to one charge on justification, did not raise the objection he now asserts. As Scott acknowledges, we therefore review his enumeration of error only for plain error. State v. Kelly, 290 Ga. 29, 31 (1) (718 SE2d 232) (2011). In Kelly, this Court established a four-prong test for determining whether a jury instruction amounts to plain error: (1) whether the instruction was erroneous; (2) whether the error

3

was obvious or clear; (3) whether the error affected appellant's substantial rights; and (4) only if the first three elements are established, the reviewing court in its discretion may reverse if the error "seriously affects the fairness, integrity or public reputation of judicial proceedings." (Citations and punctuation omitted.) Id. at 33 (2) (a). As Scott has not met this standard, his enumeration of error is without merit.

Scott complains of the following instruction given by the trial court near the conclusion of its charge to the jury:

> If after considering the testimony and evidence presented to you, together with the charge of the Court, you should find and believe beyond a reasonable doubt that the defendant in Fulton County, Georgia, did on or about December 4th, 2012, commit the offense of murder, felony murder, felony murder, aggravated assault with a deadly weapon, possession of a firearm during the commission of a felony, possession of a firearm by a convicted felon as alleged in the indictment, you would be authorized to find the defendant guilty.
> In that event the form of your verdict as to each count would be: We, the jury, find the defendant guilty.
> If you do not believe that the defendant is guilty of these offenses or you have any reasonable doubt as to the defendant's guilt then it would be your duty to acquit the defendant in which event the form of your verdict would be: We, the jury, find the defendant not guilty.

In analyzing this instruction, we must view the trial court's charge as a

whole to determine if error exists. <u>Franklin v. State</u>, 295 Ga. 204, 208 (3) (758 SE2d 813) (2014), citing <u>Sapp v. State</u>, 290 Ga. 247, 251 (2) (719 SE2d 434) (2011). So viewed, the charge was sufficient to apprise the jury that each crime charged in the indictment must be considered separately. The trial court referred repeatedly to "these criminal charges," "the crime or crimes charged" and the multiple counts of the indictment in its preliminary charges and in its charge at the conclusion of the evidence. The trial court separately defined malice murder and felony murder, noting that aggravated assault and possession of a firearm by a convicted felon "are felonies and are defined later in this charge," and laying out the verdict process for malice murder and felony murder with reference to the verdict form. The trial court also charged on the lesser included offense of voluntary manslaughter, as well as on aggravated assault and possession of a firearm by a convicted felon. The trial court instructed the jury that venue must be proved "[a]s to each crime charged in the indictment, just as any element of the offenses." And, finally, the verdict form submitted to the jury listed each offense separately by count, with blanks provided for the jury's decision. The jury entered its handwritten verdict on each count separately as indicated by the verdict form, and found Scott not guilty of the offense of malice

murder; obviously, therefore, the jurors demonstrated that they considered each charge separately as instructed by the trial court.

Moreover, even if error had been shown, it could not be considered obvious. Scott points to no pattern charge or decision of the courts of this state indicating a charge that should have been given in addition to the instructions already noted. See Sapp, supra, 290 Ga. at 251 (2) (when jury instructed on causation, omission of additional language on proximate cause not clear or obvious error.). While Scott cites Tiller v. State, 218 Ga. App. 418 (461 SE2d 572) (1995), that decision is inapposite because the language of the complained-of charge was never revealed in the opinion, and the Court of Appeals ultimately concluded that the instruction "clearly conveyed" that the jury should consider each charge separately and could return separate verdicts on each count. Id. at 419 (2). Finally, particularly in light of the jury's finding of "not guilty" on one of the counts of the indictment, Scott has failed to demonstrate that the outcome of the trial was affected in any way.

As Scott has failed to demonstrate *any* of the first three prongs of the Kelly test, we do not reach the fourth prong, and this enumeration of error is without merit.

3. The State notes that, based on <u>Noel v. State</u>, 297 Ga. 698, 700 (2) (777 SE2d 449) (2015), the trial court erred in merging the felony murder convictions and then merging the predicate felonies into the remaining felony murder conviction. When the trial court sentenced Scott on Count 2 (felony murder based on aggravated assault), Count 3 (felony murder based on possession of a firearm by a convicted felon) was vacated by operation of law. Count 6 (possession of a firearm by a convicted felon) then cannot merge into Count 3, which stands vacated. We therefore vacate the merger of Count 6 into Count 3 and remand for resentencing on Count 6.

<u>Judgment affirmed in part and vacated in part, and case remanded for resentencing. All the Justices concur.</u>

Decided September 13, 2017.

Murder. Fulton Superior Court. Before Judge Schwall.

Juwayn Haddad, for appellant.

Paul L. Howard, Jr., District Attorney, Kevin C. Armstrong, Lyndsey H. Rudder, Paige Reese Whitaker, Assistant District Attorneys; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, S. Taylor Johnston, Assistant Attorney General, for appellee.